490 So.2d 570 (1986)
Donald SLAUGHTER
v.
James and Thomas COLEMAN, et al.
No. CA-3810.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1986.
Rehearings Denied July 16, 1986.
Allain F. Hardin, Wiedemann & Fransen, New Orleans, for plaintiff-appellant Donald Slaughter.
Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., Christoffer Friend, New Orleans, for defendants-appellees James and Thomas Coleman, et al.
Before SCHOTT, GARRISON, BARRY, KLEES and BYRNES, JJ.
KLEES, Judge.
Appeal is taken from a summary judgment dismissing plaintiff's personal injury claim against certain defendants. Plaintiff, Donald Slaughter, filed suit for injuries incurred from an allegedly defective elevator located on the premises at 115 Chartres Street. Included as defendants were J.T.P.D. Co., Inc., owner/lessor of the premises; United States Fidelity and Guaranty Co., insurer for J.T.P.D.; Hewitt Law, d/b/a The London Shop, lessee of the premises; Douglas Ray, employee of The London Shop; and American Crescent Elevator Company.
*571 Defendants, J.T.P.D., Co., Inc., and U.S.F. & G., moved for summary judgment, arguing that L.S.A.-R.S. 9:3221 was applicable, and that they had transferred liability to the lessee. The trial court granted defendants' motion and dismissed plaintiff's claim as to those two defendants. Plaintiff now appeals the granting of the summary judgment.
A motion for summary judgment may be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. L.S.A.-C. C.P. article 966. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Dominque, 372 So.2d 1225 (La.1979), Employers' Surplus Lines Co., Inc. v. City of Baton Rouge, 362 So.2d 561 (La.1978), Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977).
In the case at bar, the trial court granted the summary judgment holding that pursuant to L.S.A.-R.S. 9:3221, defendant, J.T. P.D. Co., Inc., had delegated its liability for defective conditions to the lessee. On appeal, plaintiff argues that R.S. 9:3221 does not preclude a lessor's liability to a third person under Civil Code articles 2317 and 2322. He argues that the statute only regulates the relationship between lessor and lessee. The Louisiana Supreme Court rejected this proposition in Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (1960). The court explained that the statute
was undoubtedly designed to relieve the owner of some of the burdens imposed upon him by law in cases where he has given dominion or control of his premises to a tenant under a lease, for the Act (174 of 1932) permits the owner to transfer his legal ability by contract to his lessee insofar as it may pertain to injuries received by third persons who come on the property by license or invitation of the lessee. (emphasis added). Gilliam, 124 So.2d at 916.
Therefore, the trial court was correct in applying R.S. 9:3221. Plaintiff further argues that the defendants did not meet their burden under the statute.
R.S. 9:3221 provides that where
the owner of premises leased under a contract where by the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time (emphasis added).
There is no question that the lease agreement between J.T.P.D. Co., lessor, and The London Shop, lessee, included a provision whereby the lessee took over responsibility for the conditions of the premises, specifically the elevator in question. Plaintiff admits that he was on the premises at the invitation of the lessee. Plaintiff alleges in his petition that he had been called by lessee, Hewitt Law d/b/a The London Shop, to clean a sofa on the premises. Plaintiff further alleges that he incurred his injuries while moving the sofa onto the elevator.
Thus, the last requirement to be proven by defendants, J.T.P.D. Co., Inc., and U.S.F. & G., to escape liability is that lessor did not know or should have not known or had not received notice of the defect. Defendants attempt to meet this burden with the affidavit of Mr. Floro A. Llovet. Mr. Llovet states that, as Maintenance Supervisor for the lessor, it is his responsibility to investigate and rectify any problems with all elevators in New Orleans buildings owned by the lessor, including the premises at 115 Chartres Street. Mr. Llovet further states from September 4, 1972 (the date lessor acquired the building) to April 22, 1983 (the date of accident), he had not received notice nor had knowledge of any *572 problems or alleged defects with the elevator in question. Llovet also states that he did not receive any notification of any repairs or service to the elevator.
The affidavit of Mr. Llovet clearly refutes any possibility that lessor had knowledge or notice of any defect. As plaintiff did not file any counter-affidavits disputing Mr. Llovets's statements, we accept his statements as true. Cf. Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980). However, defendants have not completely met their burden. The defendant did not present any evidence, e.g. an affidavit, that the lessor should not have known of the defects. Thus, the plaintiff had no burden to rebut defendant's argument. A genuine issue of material fact still exists as whether defendant/lessor should have known of the allegedly defective elevator.
Accordingly, the summary judgment granted in favor of J.T.P.D. Co., Inc. and U.S.F. & G. is reversed, and the case is remanded to the lower court.
Reversed and Remanded.
SCHOTT, J., joined by BYRNES, J., dissenting.
SCHOTT, Judge, joined by BYRNES, Judge, dissenting.
I respectfully submit that the majority is mistaken in placing the burden on defendants to prove that they did not know or should not have known that the elevator was defective in order to escape liability. R.S. 9:3221 provides that the owner of the premises is not liable for plaintiff's injury unless he can prove the owner knew or should have known of the defect.
Plaintiff was confronted with a motion for summary judgment supported by an affidavit which absolutely negated such knowledge. This would lead to the dismissal of his case unless he set forth facts to show that defendants did have such knowledge. C.C.P. Art. 967.
Since plaintiff failed to do so defendants were entitled to summary judgment as a matter of law. C.C.P. Art. 966. I would affirm the judgment of the trial court.