503 So.2d 715 (1987)
Mildred COX & Continental Insurance Company (Intervenor), Plaintiffs-Appellants,
v.
Henry W. BUSCH, Jean Johnson Cush (Bush), Elizabeth Moresi (Mocesi) deceased but herein represented by Elizabeth Busch Miller, duly qualified Executrix for the Succession of Elizabeth Nattin Moresi, Jerome Young, Harold P. Chastant, M.D., Deborah Duke (Duhe) Young, Evelyn Brown Chastant, William E. Trotter III, Greta Rabalais Trotter, Leopold Weill, Jr., & Jeanne Cohn Weill, Defendants-Appellees.
No. 86-318.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Robert Belknap, New Orleans, for plaintiffs-appellants.
Onebane and Assoc., Mark L. Riley, Lafayette, for intervenor-appellant.
Warren D. Rush, Lafayette, Simmons, Zelden, Gracella Simmons, Baton Rouge, Leopold Weill, Jr. and Joanne C. Weill, Harold P. Chastant and Evelyn Brown Chastant, Lafayette, for defendants-appellees.
Before DOUCET, YELVERTON and CULPEPPER[*], JJ.
DOUCET, Judge.
Plaintiff, Mildred Cox, filed suit for damages incurred as a result of injuries allegedly sustained in a trip and fall at her place of employment, the "Travel Lodge North of Lafayette" motel. Plaintiff claimed that she "fell over loose floor boards." Continental Insurance Company intervened as workmen's compensation insurer of Travel Lodge. Named as defendants were the lessee-operators of the motel and the owner-lessors of the property upon which the motel was built. The owner-lessors are Henry W. Busch, Sr., Jean Johnson Busch, and Elizabeth Busch Miller as the duly qualified Executrix for the Succession of Elizabeth Nattin Moresi. The owner-lessors filed a motion for summary judgment which was granted by the trial court. Both Mildred Cox and Continental have appealed.
Summary judgment is provided for by LSA C.C.P. art. 966:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered *716 forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
The trial judge granted the motion for summary judgment after finding that the terms of the lease, the pleadings, and the affidavits of the movers showed that there was no genuine issue as to material fact. The owner-lessors had claimed they were not liable for the injury sustained by plaintiff because the lessees had assumed responsibility for the condition of the premises; the owner-lessors neither knew nor should have known of the defect; and the owner-lessors had received no notice of such defect. LSA R.S. 9:3221 allows owners to escape liability in such cases. The statute reads as follows:
"The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."
In 1971, defendant-owners leased an undeveloped parcel of ground to the lessees herein for a period of 30 years. The lease required that the lessees construct, at their own risk, a motel on the property. The lessees were to operate the motel. Among other provisions in the lease agreement were these two upon which the trial court relied in rendering its judgment:
"5. Maintenance of Property

Lessee agrees to maintain the property and improvements in good condition and repair, usual wear and tear excepted. Lessee shall, at its own expense, maintain the premises in compliance with local Parish, State and Federal laws.
. . . . .
. . . . .
7. Hold Harmless

Lessee agrees that if Lessor is involuntarily made a party defendant to any litigation concerning this lease for the property, not due to any act of omission of Lessor, Lessee will hold Lessor free and harmless from any expenses reasonably incurred in defending such action. Lessor shall, at all times during the term of this Lease, be held free and harmless by Lessee from all liability for damages by reason of any injury to any person or property while in or upon the leased premises; and Lessee shall, at its own expense during the term of the lease, carry in full force and effect public liability insurance covering the Lessor as well as Lessee in amounts of not less than One Hundred Thousand Dollars ($100,000.00) for injury to or death of any one person, and Three Hundred Thousand Dollars ($300,000.00) for injury to or death of any number of persons in any one accident, and Fifty Thousand Dollars ($50,000.00) for damage to property. Copies of all such insurance policies shall be furnished to Lessor within ten (10) days after written request by Lessor."
Elizabeth Busch Miller, as executrix for the Succession of Elizabeth Nattin Moresi, and Henry W. Busch, Sr. executed affidavits as support for the motion for summary judgment. Both affidavits stated that neither defendant had, at any time, been involved in the operation or management of the Travel Lodge motel and that neither had any knowledge of, or reason to have knowledge of, any vice or defect existing in the motel on the date plaintiff was injured.
Both appellants contend that the trial court erroneously granted the motion for summary judgment because: (1) "the lease in question did not obligate lessee to take the premises in their present condition;" and (2) "the matter was inappropriate for summary judgment."
Appellants' first argument appears to be based solely upon a prior case, Davis v. *717 Copeland Enterprises, Inc., 390 So.2d 891 (La.1980), in which a similar lease provision specified that the lessee assume the leased property in "its present condition." This court fails to see the relevance of this argument to the facts of this case wherein, at the commencement of the lease the lessees took possession of a completely undeveloped parcel of ground upon which they later built the motel. In conjunction with this argument, appellants contend that the terms of the lease do not affirmatively show that the lessees assumed responsibility for the conditions of the lessors' property, thus absolving the owner-lessors of liability for the injury suffered by plaintiff.
The hold harmless clause arguably would not preclude plaintiffs' suit against the lessors but would allow a recourse by them against the lessees. However, we find that the maintenance clause, the lease as a whole, the pleadings, and the affidavits of defendant-lessors, show that the lessees assumed responsibility for the condition of the premises, that the lessors had received no notice of any defect on the premises, and neither knew nor should have known of such defect. There was no genuine issue as to material fact concerning the liability of the owner-lessors and summary judgment was appropriate.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to each appellant.
AFFIRMED.
NOTES
[*] Judge WILLIAM A. CULPEPPER, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.