572 So.2d 771 (1990)
Louis G. DUFRENE, et al.
v.
KAISER ALUMINUM AND CHEMICAL CORPORATION and Kaiser Aluminum Exploration Co.
No. 90-CA-0239.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*772 Thomas L. Smith, New Orleans, for Louis Dufrene.
C. William Bradley, Jr., Susan C. Northrop, New Orleans, for Kaiser Aluminum and Chemical Corp. and Kaiser Aluminum Exploration Co.
Before KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
This is an appeal from a summary judgment dismissing plaintiff's personal injury action against defendant/lessor. We affirm.
On April 22, 1987, while in the course and scope of his employment as a crane operator, plaintiff slipped and fell "due to the slick and slippery surface caused by loose iron ore powder and particles" that covered the courtyard area owned by defendant, Kaiser Aluminum and Chemical Corporation (Kaiser), and leased to plaintiff's employer, H.N.V. Central Riverfront Corporation. (H.N.V.) Plaintiff sued Kaiser for injuries sustained. Kaiser moved for summary judgment relying on La.R.S. 9:3221, claiming that ownership liability had been transferred to H.N.V./lessee pursuant to the lease agreement. The trial court agreed dismissing plaintiff's claim and plaintiff appeals the granting of summary judgment.
A motion for summary judgment may be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law is incumbent upon the mover, and all doubt must be resolved against the mover and in favor of trial on the merits. Fontan v. Estopinal, 529 So.2d 1330 (La.App. 5th Cir.1988) writ denied, 533 So.2d 17 (La.1988); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
The trial judge granted the motion for summary judgment after finding that according to the terms of the lease, H.N.V. had assumed full responsibility for the leased premises and for plaintiff's injuries. The issue on appeal is whether the lease agreement between Kaiser and H.N.V/lessee can preclude plaintiff from asserting a claim against Kaiser.
La.R.S. 9:3221 permits a building owner to contract out of responsibility imposed by Article 2317 and 2322, and to allow lessee to assume responsibility.
La.R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
*773 In Fontan v. Estopinal, 529 So.2d 1330 (La.App. 5th Cir.1988), lessee's employee brought a personal injury action against lessor for injuries sustained when she fell down allegedly defective stairs on the leased premises. An affidavit was offered to support defendant's motion for summary judgment stating that defendant had no knowledge or notice that any defects were present on the leased premises. The court of appeal found that summary judgment was properly granted to the lessor pursuant to the lease agreement, La.R.S. 9:3221, and the affidavit in support of the Motion for Summary Judgment.
In the instant case, pursuant to the lease, H.N.V agreed to complete all work, clean and convert the facilities into a condition suitable for storage of U.S. Commodities. The premises were leased on an "as is" "where is" basis. As the trial judge noted, H.N.V agreed to indemnify, defend and hold harmless defendant for claims arising out of H.N.V's use of said property. The applicable lease provisions read together with 9:3221 were sufficient to relieve Kaiser of any responsibility to an employee of lessee. Thus, under 9:3221 unless Kaiser had notice of the alleged defect, they could not be liable to the plaintiff.
The motion for summary judgment was supported by the affidavit of Jerry Lambert, facility manager for defendant, stating that defendant did not receive any notice of unfitness or unsuitability of the leased premises, as required by the contract. Plaintiff offered no countervailing evidence to contradict defendant's affidavit. Thus, there was no showing that defendant knew or should have known of the defect, or that defendant had been advised of a defect and failed to remedy it within a reasonable time. Therefore, Kaiser cannot be liable to the plaintiff for injuries sustained on the leased premises.
The lease provision and the affidavit of Kaiser show that the lessee assumed responsibility for the condition of the premises, that Kaiser received no notice of any defect on the premises, and neither knew or should have known of any defect. Thus, there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law. Therefore, the trial court correctly granted defendant's motion for summary judgment.
AFFIRMED.