598 So.2d 404 (1992)
James H. MENDOZA
v.
Bertha W. SEIDENBACH, et al.
No. 91-CA-1577.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
Rehearings Denied June 17, 1992.
Mark N. Caracci, Lee, Martiny & Caracci, Metairie, for plaintiff/appellant.
Victor A. Dubuclet, III, Borrello, Huber & Dubuclet, Metairie, for defendants/appellees, Palmer Paper Co., Hammermill Paper Co. and Liberty Mut. Ins. Co.
C. Kelly Lightfoot, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendants/appellees, Bertha W. Seidenbach, Joan Seidenbach Berensen, Sadie Levy, Helen Wolff d/b/a Sedelle Realty Co., Inc.
Kenny M. Charbonnet, Metairie, for intervenor, Liberty Mut. Ins. Co.
Before BARRY, BYRNES and JONES, JJ.
BARRY, Judge.
In this personal injury action, James Mendoza, plaintiff, appeals a summary judgment granted to owners of a building which was leased to Mendoza's employer. The issue is whether the lease transfers liability to the lessee (R.S. 9:3221) or if the building has a structural defect which would preclude summary judgment.
On January 26, 1987 Mendoza allegedly slipped and fell while descending stairs in the loading dock area of his employer's warehouse. The stairway consists of six concrete stairs adjacent to a wall and does not have a handrail on the open side. Mendoza fell over the open side and landed on the floor below.
*405 Mendoza was employed by Hammermill Paper Company, d/b/a Palmer Paper Company (lessee) which leased the warehouse from Mrs. Bertha W. Seidenbach, Mrs. Joan Seidenbach Berenson, Miss Sadie Levy and Miss Helen Wolff, apparently d/b/a Sedelle Realty (lessors).[1] The lease was signed on April 6, 1965 for a period of 25 years. The lessee built the warehouse in accordance with plans approved by the lessors.
Mendoza filed suit based on negligence and strict liability against Bertha Seidenbach, Sedelle Realty Co., the realty company's insurer, American General Fire and Casualty Company, Palmer Paper Company, as lessee and employer, and its insurer Liberty Mutual Insurance Company. Palmer Paper and Liberty Mutual were dismissed because of the exclusive remedy provision of the Louisiana Worker's Compensation Act. Liberty Mutual intervened for reimbursement of compensation benefits. Bertha Seidenbach, Sedelle Realty Co. and American General Fire filed a third party demand against Hammermill Paper Co. and Liberty Mutual for contribution and/or indemnity under the lease.
Bertha Seidenbach, Sedelle Realty and American General filed for summary judgment based on La. R.S. 9:3221 and the lease provisions under which the lessee purportedly assumed full responsibility for the leased premises.
The trial court found that "R.S. 9:3221 when read in connection with Fontan v. Estopinal, 529 So.2d 1330, that [lessors] did not construct the subject premises or steps, and in the absence of a countervailing affidavit supporting plaintiff's position" the lessors were entitled to summary judgment.

LAW
A summary judgment provides severe and final relief and will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavit(s) establish that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966; South Central Bell Telephone Co. v. The Rouse Co., 590 So.2d 801 (La.App. 4th Cir.1991). The mover bears the burden of proving the absence of a genuine issue of material fact. Every reasonable doubt must be resolved against summary judgment and in favor of a trial on the merits. Id.
The trial court must first decide whether the mover's supporting affidavits and other documents are sufficient to resolve every material fact issue. If the mover's documents are sufficient, the burden shifts to the opposing party to provide evidence of a material fact issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Id. at 803.
La. R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
Mendoza argues that the provisions in the lease merely govern the rights between the parties to the lease, but such provisions cannot affect third parties. Relying on Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991), Mendoza submits that the lease provision cannot exclude the lessor's liability in advance.
This Court and our Supreme Court have rejected that argument finding that La. R.S. 9:3221 permits an owner to transfer his liability to a lessee for damages sustained by a third person. Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913 (1960); Slaughter v. Coleman, 490 So.2d 570 (La.App. 4th Cir. *406 1986). Ramirez involved "a license or permit to use the [Fair Grounds] stall space and facilities free of charge." Id. at 812. Ramirez did not address a "lease" provision and is inapplicable to the present case.
Accordingly, the trial court correctly applied the statute.
Mendoza contends the lessors failed to prove that their liability was transferred to the lessee under the lease.
The lessor's motion for summary judgment relied on section 6(J) of the lease which provides:
After commencement of the term of this lease, LESSEE assumes full responsibility for the condition of the leased premises and shall at all times save and keep LESSORS free and harmless from any and all damage or liability for injury to person or damage to property resulting from any occurrence or accident in, on or about the leased premises, except such liability for injury or damage as may be caused by the acts of LESSORS, LESSORS' agents and LESSORS' other representatives and except such liability for injury or damage as may involve portions of the leased premises with respect to which LESSEE does not have the responsibility for maintenance and repairs as provided in Section 6.(D) hereof, (emphasis added).
However, Section 6(D) provides:
LESSORS agree to keep and maintain the roof of said warehouse in good order and repair at all times during the term of this lease, and shall for a period of one year after possession is given, maintain in good repair the foundation (including concrete slab or tiers and beams, or both, as the case may be) and exterior walls. Lessors will also make such repairs as may be required by initial structural defects of any kind, including, but not limited to, all utility lines up to walls of the leased premises; provided that no repairs shall be required of LESSORS if necessitated by the negligence of LESSEE or its agents, employees, representatives, or invitees, except with respect to damages, risks or losses which Lessors are required to insure against as provided in and subject to all of the conditions of sub-section G below.... (emphasis added).

* * * * * *
In their "memorandum in support of motion for summary judgment," the appellees stated that "[t]he allegedly defective stairway in the warehouse [did] not fall under any of these categories which the lessor is required to maintain pursuant to Section 6(D) of the lease agreement."
To the contrary, the lease and pleadings raise the question of whether a stairway without a handrail is an "initial structural defect" as specified in Section 6(D). Appellees did not present any evidence which would prove otherwise. A genuine issue of material fact exists regarding whether the stairway is defective and, if so, whether the defect falls within the scope of Section 6(D). The burden to present countervailing affidavits did not shift to Mendoza.
Mendoza further argues that lessors failed to prove that they did not know or should not have known of the defect. The motion for summary judgment was supported by identical affidavits of Bertha W. Seidenbach and Sadie Levy, two of the original partners of Sedelle Realty. The affidavits provide in pertinent part:
That Sedelle Realty Company, Inc. did not design the stairways or any other section or part of the warehouse;
That the design of the warehouse was done under the exclusive control of Hammermill Paper Company, d/b/a Palmer Paper Company and was only submitted to Sedelle Realty Company, Inc. for approval;
That Sedelle Realty Company, Inc. was never informed of any defect with any part of the warehouse mentioned above, more particularly with regard to any stairs in the warehouse at any time prior to the alleged accident of James Mendoza on January 26, 1987.
The unrefuted affidavits negate the possibility that the owners/lessors knew of the defect. However, the affidavits do not prove that the owners/lessors should not have known of the alleged defect. See *407 Slaughter v. Coleman, 490 So.2d 570 (La. App. 4th Cir.1986) (affidavit refuted possibility that lessor had knowledge or notice of alleged defect, but failed to prove lessor should not have known of defect). Thus, lessors did not meet their burden under La. R.S. 9:3221. A factual issue exists regarding whether lessors should have known of the alleged defect.
Finally, Mendoza argues that Section 6(J) is an indemnity clause which does not preclude his suit against lessors or transfers their liability to the lessee. Instead, Mendoza claims that the clause merely requires the lessee to indemnify the owner. The clause arguably does not bar Mendoza's suit against the lessors. See Cox v. Busch, 503 So.2d 715 (La.App. 3rd Cir.1987). However, we pretermit resolution of that issue based on our finding that a material factual issue remains.
The trial court committed manifest error and the summary judgment in favor of Bertha W. Seidenbach, Sedelle Realty Co. and American General Fire and Casualty Company is reversed. This matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The record is unclear whether the individual lessors are doing business as Sedelle Realty. Sedelle Realty is a defendant, but was not a party to the lease. Several pleadings have been filed on behalf of Sedelle Realty; however, none of the pleadings clarify the realty company's role in this case.