632 So.2d 846 (1994)
Dianne MUSE
v.
Maurice KATZ and Scottsdale Insurance Company.
STATE FARM FIRE & CASUALTY CO., Etc.
v.
Maurice KATZ, et al.
Nos. 93-CA-1066, 93-CA-1067.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1994.
Patricia D. Miskewicz, New Orleans, for plaintiff-appellant.
James A. Oswald, Hulse, Nelson & Wanek, New Orleans, for defendants-appellees.
Before CIACCIO and ARMSTRONG and JONES, JJ.
JONES, Judge.
The appellant, Dianne Muse, leased one side of a "shotgun double" from the appellee, Maurice Katz. Katz was the owner of 3117 and 3119 General Taylor, and through his agent, A & M Investments, entered into a written lease with the appellant for the 3119 address on October 22, 1990.
On July 3, 1991, the electrical wiring in a backyard shed short-circuited causing a fire which spread to the two apartments at 3117 and 3119 General Taylor. At 6:00 a.m. on the morning of the fire, a man kicked in the front door of appellant's apartment to warn her of the fire. Ms. Muse ran to the back *847 bedroom to wake her sleeping daughter. In their flight from the burning house, the appellant fell and injured herself when she struck the floor.
Muse filed suit for personal injuries and property damage against Katz and his liability insurer, Scottsdale Insurance Company, on the basis of negligence and strict liability. Appellant alleged that Katz failed to properly inspect the area; allowed an open vent to remain on the property; allowed a dangerous condition to exist on the premises; and failed to properly close or cover the vent in question. She further alleged that Katz had actual or constructive notice that the area in question was defective; that he had a nondelegable duty to repair defects in the structure of the building; that he failed to properly inspect the area for defective conditions, and thus is strictly liable for all damages.
State Farm Fire & Casualty Company filed suit against Katz; his insurer, Scottsdale; Katz' agent, A & M Realty; and Muse. State Farm alleges that the aforementioned parties were responsible for property damage to the adjacent residence of their insured, J.C. and Christine Hookfin. These lawsuits were consolidated.
Katz also filed a cross-claim against Muse for full indemnity against any damage for which Katz might be held liable under the State Farm claim. The basis for the cross-claim was Katz' assertion that pursuant to the rental agreement of October 22, 1990, Muse "assumed responsibility for any and all vices or defects in the property involved herein, and all consequences thereof." Based upon the terms of this agreement, Katz filed a motion for summary judgment requesting the court to dismiss all claims asserted by Muse against him and to grant all relief requested in his cross-claim against her.
After a hearing on the motion for summary judgment, the court ruled in favor of Maurice Katz and Scottsdale Insurance Company dismissing all claims of Dianne Muse against them, and granting summary judgment in favor of Maurice Katz on his cross-claim. The motion for new trial by Muse was denied and she brought this appeal.
Muse argues first that the trial court committed manifest error in granting the appellees' motion for summary judgment because there exists a genuine issue of material fact as to whether Katz should have known of the defect in the premises which he owned.
The motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La. C.C.P. Art. 966(B). The burden is on the mover to establish that no material factual issue exists, and the inferences to be drawn from the underlying facts in the record must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A fact is material if its existence or non-existence may be essential to the plaintiff's cause of action. Penalber v. Blount, 550 So.2d 577 (La.1989).
Under Louisiana law, the owner/lessor is generally liable for the condition of the leased premises pursuant to La.C.C. Articles 2317, 2322 and 2695[1].
However the owner can shift responsibility for the condition of the premises, including liability for any injury caused by any defect, to the lessee pursuant to La.R.S. 9:3221 which provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should *848 have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
The terms of the lease agreement in question were apparently modeled after the foregoing statute. The lease agreement between Muse and Katz contained a provision whereby the tenant, Muse assumed responsibility for the condition of the premises including all vices or defects.[2]
The purpose of the above statute according to the court in Hinton v. Hopkins, 626 So.2d 49 (La.App. 1st Cir.1993), was to "relieve the owner of some of the burdens imposed on him by law in cases where he has given dominion or control of his premises to a tenant under a lease". In a significant number of cases, the courts have upheld the property owner's contractual bargain. In Dufrene v. Kaiser Aluminum & Chemical Corp., 572 So.2d 771 (La.App. 4th Cir.1990), the employee of the lessee sued for personal injuries received during a fall. This court affirmed summary judgment in favor of the owner of the leased premises on the basis of La.R.S. 9:3221. The Court noted that the statute permits a building owner to contract out of the responsibility imposed by Articles 2317 and 2322 of the Civil Code, and to allow the lessee to assume the responsibility. In Fontan v. Estopinal, 529 So.2d 1330 (La. App. 5th Cir.), writ denied, 533 So.2d 17 (La.1988), summary judgment in favor of the lessor was affirmed. The Court held that a provision in the lease that the lessor would not be responsible for damage caused by "any license or defects of the leased property, or the consequences thereof was sufficient to relieve the lessor of any responsibility to an employee of the lessee, who was injured when she fell down allegedly defective stairs.
Similarly, in Cox v. Busch, 503 So.2d 715 (La.App. 3rd Cir.1987), the Court affirmed summary judgment in favor of the lessor, holding that the lease under which the lessees agreed to maintain the property and to hold the lessor-owner harmless showed that the lessees assumed responsibility for the conditions of the premises. Therefore, the owners, who had no notice of the defect, could not be held liable to the tenant's employee who was injured on the premises.
However, this statutory relief was not absolute and the owner's contractual right to be absolved of liability was expressly limited "to those cases in which he was not aware of the defect causing the injury or was unable to know of it." Hinton, at 49.
Even where there is a lease provision in effect which exonerates the property owner from liability, the plaintiff-lessee is not necessarily barred from any recovery. According to the court in Robert v. Espinosa, 576 So.2d 555 (La.App. 4th Cir.), writ denied, 578 So.2d 139 (La.1991) the plaintiff can still recover by proving that damages were sustained because of a defect in the property; that the property owner knew or should have known of this defect; and that the owner failed to remedy the defect within a reasonable time. However the lessee in Robert was denied recovery when the court of appeal ruled in favor of the lessor because the record was "completely devoid of any evidence" of a defect in the property. Id., 557. The lessee had stored some items in a self-service storage unit and when she removed them there was water damage and mildew on the items. The lessee testified that she thought the roof leaked and caused the damage. *849 However the lessor's expert testified that there was no evidence of a leak and none of the witnesses ever saw any water coming in from the ceiling or elsewhere.
The Louisiana Supreme Court, interpreting La.R.S. 9:3221 in Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981), found a lessor liable for damage sustained by a tenant, notwithstanding a provision in the lease exculpating the lessor from liability. The lessees brought an action against their lessor for water damage to their personal property placed in storage units. The parties had contractually provided that Slidell Mini-Storage would not be held responsible for any loss caused by water. The trial court's judgment in favor of the lessees was reversed by the court of appeal. The Supreme Court reinstated the trial court judgment holding that, "although the plaintiffs assumed responsibility for water damage caused by a vice or defect in the premises,... the owners/lessors knew or should have known that the storage units were defective in that they did not secure against the entering of water into the units resulting from rain normally occurring in southeast Louisiana." Id., at 1264.
In Slaughter v. Coleman, 490 So.2d 570 (La.App. 4th Cir.1986) the lessee executed a lease which included a provision whereby the lessee assumed responsibility for the conditions of the premises. In order to escape liability, the lessor's maintenance supervisor filed an affidavit stating that he had not received notice nor had knowledge of any alleged problems or alleged defects with the elevator in question. The affidavit was taken as true because the plaintiff did not file a counter affidavit disputing the supervisor's statements. The trial court granted summary judgment holding that pursuant to La. R.S. 9:3221 the lessor had delegated its liability for defective conditions to the lessee. The Court of Appeals reversed, finding that the lessor did not completely meet its burden and held that the lessor must prove it did not know or should not have known or had not received notice of the defect. However, the court found that the affidavit did not state that the lessor should not have known of the defect and that a genuine issue of material fact still existed as to whether defendant/lessor should have known of the alleged defect.
The Slaughter holding was followed in Mendoza v. Seidenbach, 598 So.2d 404 (La. App. 4th Cir.1992). The Mendoza court stated that even though the unrefuted affidavits negated the possibility that the owners/lessors knew of the alleged structural defect, the affidavits do not prove that the owners/lessors should not have known of the alleged defect. Id., at 406.
A trial court must first decide whether the mover's supporting affidavits and other documents are sufficient to resolve every material fact issue. If the mover's documents are sufficient, the burden shifts to the opposing party to provide evidence of a material fact issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
In the instant case, the property owner, Maurice Katz, and his agent, Albert Katz, president of A & M Investments, presented affidavits contending that they had never been aware of, nor had they ever received notice of any defects in the premises rented by Dianne Muse, including any claimed defects in the electrical system or the floor ventilation system. Responding to the plaintiff's interrogatory, Maurice Katz contended that Albert Katz of A & M Investments was in charge of inspections and repairs. He also stated that periodic inspections of the property were conducted and that he believed the last inspection was performed shortly before Ms. Muse moved into the residence. The affidavit of Albert Katz made no mention of any inspections that he might have done. Likewise there is no mention of the frequency of such inspection or of the findings. Where, in an attempt to satisfy the requirements under La.R.S. 9:3221, the affidavit sets forth the conclusory statement that the mover neither "knew, knows or should have known of any defect" and there are no facts set forth to establish the basis of the affiant's lack of knowledge, the conclusory facts and conclusions of law contained in the supporting affidavit cannot be considered in a motion for summary judgment. Roberts v. The Orpheum Corporation, 610 So.2d 1097 (La.App. 4th Cir.1992), writ denied, 616 So.2d 682 (La.1993). Under the Mendoza *850 rationale, we believe that the affidavits presented by defendants do not sufficiently explain whether the lessor should not have known of the defects and that a genuine issue of material fact still exists.
There is also another significant unresolved issue of fact which would materially affect the outcome of this case. Ms. Muse signed the agreement to rent and agreed to assume responsibility for the premises at 3119 General Taylor. Plaintiff contends that the field incident report completed by Fire Captain Kenneth Wiltz indicates that the fire began in a shed behind 3117 General Taylor. There are field incident reports in the record for both addresses which appear to be identical except for the names and phone numbers of the occupants and the remarks in section G. Both reports state that the origin of the fire was a shed but its location is not given. The plaintiff's amended petition also states that the fire began in the backyard of 3117 General Taylor. Whether the fire originated in the premises where the tenant contractually assumed responsibility for vices or defects goes to the heart of the matter and is a genuine issue of material fact which would preclude a summary judgment in this case.
Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
CIACCIO, J., concurs with reasons.
CIACCIO, Judge, concurs with reasons.
I concur.
In Slaughter v. Coleman, 490 So.2d 570 (La.App. 4th Cir.1986) the majority opinion reversed a summary judgment in favor of the lessor because there was no affidavit to prove that the lessor should not have known of the defects. Although I agree with the two dissenting judges that this holding improperly places the burden on the lessor to prove a negative I am bound to follow that ruling until it is overruled by a majority of this Court.
Since the affidavits submitted on behalf of the lessor do not address this issue I concur in the reversal of the summary judgment. Appellees are not precluded from filing a new motion for summary judgment supported by additional affidavits.
NOTES
[1] La.C.C. Art 2695 provides:

The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
[2] The Month to Month Agreement to Rent signed by Dianne Muse on October 22, 1990 contained the following provision:

The premises are being rented with the understanding that Tenant assumes responsibility for the condition of the premises and Owner or Owner's agent will not be responsible for any damage caused ... by any vices or defects of the leased property, or the consequences thereof, except in a case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Tenant of such defects and the damage caused thereby. Should Tenant fail to promptly so notify Owner or Owner's agent in writing of any such defects, Tenant shall become responsible for any damage resulting to Owner or other parties.
The Tenant assumes responsibility for the condition of the leased premises and agrees to notify Owner and/or Owner's agent immediately upon learning of any defect in the same. Tenant further understands that neither agent or owner carries Hazard Insurance on contents of premises.