673 So.2d 1198 (1996)
Gay FORD
v.
Wayne J. BIENVENU, USAA Casualty Insurance Company, Harbor Homeowners Association and State Farm Fire and Casualty Insurance Company.
No. 95-CA-1675.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 1996.
*1199 John M. Dubreuil, Seale Macaluso Daigle & Ross, Hammond, for Plaintiff.
C. Gordon Johnson, Jr., Charles L. Chassaignac, IV, Porteous, Hainkel, Johnson and Sarpy, New Orleans, Julie DiFulco Robles, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for Defendants.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
ARMSTRONG, Judge.
This is an appeal by the plaintiff, and a cross-claimant, from a summary judgment in favor of one of the defendants in a property damage (fire) case. Because we find that the affidavit in support of the motion for summary judgment did not eliminate a genuine issue of material fact, we reverse and remand for further proceedings.
The plaintiff, Gay Ford, leased an apartment from defendant Wayne Bienvenu. The apartment was actually a condominium and Bienvenu was a member of the Harbor Homeowner's Association. A fire broke out and Ms. Ford's possessions were destroyed.
Ms. Ford sued Bienvenu and his insurer, United States Automobile Association Property and Casualty Company ("USAA"), and also Harbor Homeowner's and its insurer, State Farm Fire and Casualty Company. Her petition, asserting claims for strict liability and negligence, alleges that the fire occurred because the premises were defective. In particular, she alleges that there was a defect in the apartment's circuit breaker box although the exact nature of the alleged defect in the premises does not concern us in this appeal. Harbor Homeowner's and State Farm filed a cross-claim against Bienvenu and USAA.
Bienvenu and USAA moved for summary judgment, seeking dismissal of Ford's claim. The motion for summary judgment was based upon La.R.S. 9:3221 and a provision of the lease which purported to shift responsibility for the condition of the premises from Bienvenu to Ford. The trial court granted the motion and dismissed Ford's claim against Bienvenu and USAA. Ford appealed. Harbor Homeowners and State Farm also appealed although the judgment does not expressly address their cross-claim.
The statute relied upon by Bienvenu and USAA provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to *1200 the lessee ..., unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
La.R.S. 9:3221 (emphasis added).
Solely for purposes of this appeal, we will assume, without deciding, that the lease provides for the lessee, Ford, to "assume responsibility" for the condition of the apartment. Thus, the lessor, Bienvenu, is relieved of liability to Ford unless (a) he knew of the defect in the premises or (b) he should have known of the defect in the premises or (c) he received notice of the defect in the premises and failed to remedy it within a reasonable time. In this appeal, we focus on the issue of whether there was a genuine issue of material fact as to whether the lessor, Bienvenu, should have known of a defect in the premises.
Bienvenu's affidavit, in relevant part, and with emphasis added, states as follows:
6. That I was never put on notice, whether written or otherwise, of any defects or vices of the kind and nature that are alleged to have been the cause of the fire in unit 229 of the Harborview Condominiums on August 1, 1993.
7. That neither Gay Ford or Charlyn Meyers ever gave me notice whether written or otherwise, of any vices or defects in the circuit breaker box in unit 229 of the Harborview Condominiums that is alleged to have been the source or origin of the fire of August 1, 1993.
The issue is whether the Bienvenu's affidavit is sufficient for purpose of summary judgment, to negate that he should have known of the alleged defect in the premises. Summary judgment may be granted only if there are no genuine issues of material fact. La.Code Civ.Proc. art. 966.B. The burden is on the mover to prove the absence of any genuine issues of material fact. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991); Raine v. CECO Corp., 627 So.2d 713, 714 (La.App. 4th Cir. 1993). The affidavits submitted by the mover must be scrutinized closely. Myers v. Omni Hotel, Inc., No. 94-CA-2004 (La.App. 4th Cir.4-13-95), 654 So.2d 771, 774; South Central Bell Telephone Co. v. Rouse Co. of Louisiana, 590 So.2d 801, 803 (La.App. 4th Cir.1991). The court must first determine that the mover's supporting affidavits are sufficient to resolve every material fact issue before it even need consider the affidavits (if any) submitted by the party opposing the motion. Muse v. Katz, Nos. 93-CA-1066, 1067 (La.App. 4th Cir. 2-11-94), 632 So.2d 846, 849; South Central Bell, supra. Any doubt must be resolved against summary judgment and in favor of trial on the merits. Raine, supra; Slaughter v. Coleman, 490 So.2d 570, 571 (La.App. 4th Cir.1986), writ denied, 496 So.2d 327 (La.1986).
In several cases closely analogous to this one, we have held that an affidavit in support of a motion for summary judgment based upon La.R.S. 9:3221 must negate the possibility that the lessor "should have known" of the defect in the premises. Muse v. Katz, Nos. 93-CA-1066, 1067 (La.App. 4th Cir. 2-11-94), 632 So.2d 846, 849-50; Mendoza v. Seidenbach, 598 So.2d 404, 406-407 (La.App. 4th Cir.1992), writs denied, 605 So.2d 1124, 1126 (La.1992); Slaughter v. Coleman, 490 So.2d at 572. Of course, the affidavit must meet the very strict standards for summary judgment discussed above.
It is readily apparent that Bienvenu's affidavit does not negate the possibility that he "should have known" of the alleged defect in the premises. His affidavit addresses only the issue of whether he was "put on notice" or "given notice" of a defect. Under Muse, Mendoza and Slaughter, proving that the lessor was "not given notice" is not sufficient to negate the possibility that he should have known of the defect in the premises. Thus, we cannot affirm the summary judgment in this case. The affidavit is wholly inadequate for the purpose.
For the foregoing reasons, we reverse and remand for further proceedings.
REVERSED AND REMANDED.