707 So.2d 495 (1998)
Kanetha CHAU, etc.
v.
TAKEE OUTEE OF BOURBON, INC.
No. 97-CA-1166.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1998.
*496 Morton H. Katz, Herman, Herman, Katz & Cotlar, New Orleans, and Michael J. Bourquard, New Orleans, for Plaintiff/Appellant Kanetha Chau.
Guy W. Smith, Denise C. Puente, George J. Rizzo, Simon, Peragine, Smith & Redfearn, New Orleans, for Defendant/Appellee Nancy D'Albora Zuker.
Before ARMSTRONG, PLOTKIN and WALTZER, JJ.
ARMSTRONG, Judge.
This is a premises liability personal injury case. The plaintiff-appellant was injured on the job when a portion of a building's ceiling collapsed onto her. She sued several parties including the appellee. The appellee was a co-owner of the building and the building was leased to the plaintiff's employer. The appellee was dismissed from the case, upon a motion for summary judgment, based upon La. R.S. 9:3221 and a clause in the lease which shifted responsibility for the condition of the building to the lessee. The key issue in this appeal is whether the appellee "should have known" of the alleged defect in the building. We find that there is no genuine issue of material fact as to this issue and that the appellee, who was an absentee co-owner and not at all involved in the management of the building, should not have known of the alleged defect in the building. Thus, we affirm the judgment of the trial court.
The plaintiff-appellant, Kenetha Chau, was employed by the 511 Bourbon Street Corporation at its place of business at 511 Bourbon Street in New Orleans. She allegedly was injured at work when a portion of the ceiling collapsed onto her. Ms. Chau alleges that the ceiling collapsed onto her because of a defect in the ceiling. At the time of the accident, the building was co-owned 50% by Takee Outee of Bourbon, Inc. and 50% by appellee Nancy Zuker and was leased to Ms. Chau's employer, 511 Bourbon Street Corporation. The lease provided, in pertinent part:
Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for any damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects in the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward remedying of such defects within a reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of such defects, Lessee will become responsible for any damage resulting to Lessor or other parties.
Ms. Chau sued Ms. Zuker as co-owner of the building as well as suing Takee-Outee and others.
Ms. Zuker, after being deposed, moved for summary judgment based upon the above-quoted lease clause and La. R.S. 9:3221 which states in its entirety:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
Ms. Zuker argues that the statute allows an owner of a property, such as herself as co-owner of the building in question, to shift to the lessee responsibility for damages caused by defects in the property and that the lease in this case did so. Thus, Ms. Zucker argues, she is not responsible to Ms. Chau for her alleged injuries even if there was a defect in the building co-owned by Ms. Zuker.[1]
*497 For the most part, Ms. Zuker's legal position is amply supported by the caselaw. See generally, e.g., Stelly v. Overhead Door Co. of B. R., 94-0569 (La.12/8/94), 646 So.2d 905, 913; Muse v. Katz, 93-1066 (La.App. 4 Cir. 2/11/94), 632 So.2d 846 (collecting cases). However, as Ms. Chau points out, the statute does not allow the owner to escape liability for defects in the property if "the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." La. R.S. 9:3221. Ms. Chau does not argue that Ms. Zuker actually knew of the alleged defect in the building or that Ms. Zuker had received actual notice of the alleged defect in the building, and it is apparent from Ms. Zuker's uncontradicted deposition testimony that she did not have any such actual knowledge and that she did not receive any such actual notice. But, Ms. Chau argues that, as the alleged defect had allegedly existed for several years, Ms. Zuker "should have known" of the alleged defect.
Thus, the key issue in this appeal is whether Ms. Zuker should have known of the alleged defect in the building. Of course, summary judgment should have been granted as to this issue only if there is no genuine issue of material fact as to it. La.Code Civ. Proc. art. 966, as amended by 1997 Acts 483. In the present case, we need not concern ourselves with the allocations of proof under the amendments to Article 966 because the deposition testimony of Ms. Zuker, the mover, provides clearcut and uncontradicted evidence as to the factual circumstances relevant to whether she should have known of the defect. Ms. Zuker testified by deposition that, in 1967, she married and moved from New Orleans to New York. She subsequently has moved to California but has not lived in New Orleans since 1967. In 1967, the building in question was owned by Ms. Zuker's father. Ms. Zuker inherited the building from her father in 1980. At that time, she sold a 50% interest in the building (in two sales at 25% each) to Takee-Outee of Bourbon, Inc. The contract for sale also provided that Takee-Outee would be responsible for payment of all costs and expenses of the building such as taxes, utilities, sewerage, street surfacing and maintenance, and that Takee-Outee would be entitled to receive all income derived from the building whether from rentals or otherwise. Ms. Zuker testified that she did not know what was going on day to day with respect to the building, that Takee-Outee had control of the premises and that she was not familiar with leases of the building because such leases would have been made by Takee-Outee. She testified that she did not make any inspections of the building and that, in fact, she never went to the property. At the time of her deposition, Ms. Zuker had not seen the building in so many years that she could not remember whether the front was brick or stucco.
Certainly, all of the circumstances suggest that Ms. Zuker would not have had occasion to learn of any defects in the building. The real issue is whether Ms. Zuker should have made any inspections, or engaged someone to make inspections, as to the safety of the building. In terms of statutory interpretation, does the phrase "should have known" in the statute imply that the owner must take active steps, such as inspections, to determine whether there are defects in the property? In a number of cases, we have held that summary judgment affidavits which stated only that owners did not actually know of defects and had not received actual notice of defects, and which affidavits did not address whether the owners "should have known" of the defects, were inadequate to properly support summary judgment motions based upon La. R.S. 9:3221. See, e.g., Ford v. Bienvenu, 95-1675 (La.App. 4th Cir. 4/24/96), 673 So.2d 1198 (collecting cases). We also have held that summary judgment affidavits which simply asserted conclusively that the owners did not know and should not have known of defects, but which did not sufficiently explain whether the owners should have known of the defects, were inadequate to support summary judgment motions based upon La. R.S. 9:3221. See, e.g., Muse v. Katz, supra at 846 (collecting cases). *498 However, until the present case, we have not addressed whether the phrase "should have known" in La. R.S. 9:3221 requires inspections or the equivalent by the owner.
To resolve the issue of the meaning of the phrase "should have known," we turn to the recognized purpose of La. R.S. 9:3221. Put most directly, the statute relieves the owner lessor of strict liability under La. Civ. Code arts. 2317, 2322 and 2695 so that the owner lessor is liable only for negligence. That is because, under strict liability, it is irrelevant that the owner lessor did not know and should not have known of the defect whereas, in negligence, the owner lessor is liable only if the owner lessor knew or should have known of the defect. Thus, La. R.S. 9:3221, by its elimination of liability except when the owner lessor knew or should have known of the defect, abrogates strict liability. See F.L. Maraist and T.G. Galligan, Jr., Louisiana Tort Law §§ 14-1, 17-3 (Michie 1996); Dufrene v. Kaiser Aluminum and Chemical Corp., 572 So.2d 771, 772 (La.App. 4 Cir.1990); Stelly v. Overhead Door Co. of B.R., supra at 913; see generally, Fox v. HANO, 605 So.2d 643 (La.App. 4 Cir.) (distinction between strict liability and negligence), writ denied, 607 So.2d 570 (La. 1992); Elder v. Rowe, 94-1599 (La.App. 4th Cir. 3/29/95), 653 So.2d 718, 721 (same).[2] Stated in more general terms, the statute "was undoubtedly designed to relieve the owner of some of the burdens imposed upon him by law in cases where he had given dominion or control of his premises to a tenant under a lease." Gilliam v. Lumbermens Mut. Cas. Co., 240 La. 697, 124 So.2d 913 (1960), quoted in, Slaughter v. Coleman, 490 So.2d 570, 571 (La.App. 4 Cir.1986), writ denied, 496 So.2d 327 (La.1986). Accord Wallace v. Helmer Directional Drilling Inc., 93-901 (La.App. 3 Cir. 7/13/94), 641 So.2d 624, 628.
In view of the statute's purpose of relieving owner lessors of some liability when the lease shifts responsibility for the premises to the lessee, the phrase "should have known" in the statute should not be construed to impose expansive burdens upon the owner lessor. In particular, were we to impose upon an absentee owner such as Ms. Zuker a duty to inspect the premises so as to actively determine whether there were defects, the burden upon her would scarcely be less than that imposed by strict liability. In other words, imposing such a duty to inspect would all but completely deny Ms. Zuker the relief granted to her by La. R.S. 9:3221. We should not frustrate the legislative purpose. Thus, we find that Ms. Zuker was under no duty to inspect the premises and, consequently, there is no basis to conclude that she should have known of the defect in the premises.
Lastly, Ms. Chau asserts that Takee-Outee had notice of the defect in the building and that this notice is imputed to Ms. Zuker as co-owner. Ms. Chau cites absolutely no legal authority for the proposition that notice to one co-owner is effective as to another co-owner under La. R.S. 9:3221 and we have been unable to find any such authority. Nor is there any evidence at all that Takee-Outee acted as an agent for Ms. Zuker. Thus, we cannot conclude that any notice to Takee-Outee was notice to Ms. Zuker.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
PLOTKIN, J., concurs with written reasons.
PLOTKIN, Judge, concurring:
Although I agree with the majority's decision affirming the trial court judgment in the instant case, I disagree with the reasoning which underlies the decision. Thus, I respectfully concur.

Standard for deciding motion for summary judgment
The instant case comes before this court on the granting of a motion for summary judgment in favor of the defendant. Appellate *499 courts must review summary judgment de novo, asking the same questions as do the trial courts: whether any genuine issues of material fact exist, and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is "genuine", courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Daniel v. Blaine Kern Artists, Inc., 96-1348 (La. App. 4th Cir. 9/11/96), 681 So.2d 19, writ denied, 96-2463 (La.12/6/96), 684 So.2d 934.
The 1997 legislature amended the summary judgment procedure set out by La. C.C.P. art. 966(C) and (D) "to establish and allocate the burden of proof." Act. 483, 1997 La. Legislature. The burden of proof is set out as follows:
C.(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Procedurally, under the amended law, the court's first task on a motion for summary judgment remains the sameto determine whether the moving party's supporting documentspleadings, deposition, answers to interrogatories, admissions and affidavitsare sufficient to resolve all material factual issues. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary judgment must be denied. Walker v. Kroop, 96-0618 (La.App. 4th Cir. 7/24/96), 678 So.2d 580, 584. However, if the court finds, based on the evidence presented by the movant, that no genuine issues of material fact exist, the party opposing the motion for summary judgment is required to "produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial." In meeting his burden of proof, the movant is expressly not required "to negate all the essential elements of the adverse party's claim, action, or defense," but only "to point out to the court that there is an absence of factual support for one or more elements." Once the movant has met his burden and the burden shifts to the party opposing the motion, the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly-supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La. App. 4th Cir. 11/18/96), 684 So.2d 488.
As amended by both the 1996 and 1997 Louisiana legislatures, the law on the burden of proof in motions for summary judgment has been changed. According to the 1996 amendments, summary judgments are now "favored" and thus the rules should be liberally applied, requiring courts to change their attitudes when reviewing motions for summary judgment from the attitudes required under the pre-amendment jurisprudence which proclaimed just the opposite that summary judgments were not favored and thus should be strictly construed. The language of the amendments tracked the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation. Meunier v. Pizzo, et al, 97-0047 (La.App. 4th Cir. 6/18/97), 696 So.2d 610.
In order for a plaintiff to prove that he is entitled to recover for personal injuries from a property owner/lessor who has leased his property under a contract whereby the lessee assumed responsibility for the condition of the premises, the plaintiff must prove the following elements of his cause of action: (1) that damages were sustained because of a defect in the property, (2) that the property owner knew or should have known of this *500 defect, and (3) that the owner failed to remedy the defect within a reasonable time. Muse v. Katz, 93-1066, 93-1067 (La.App. 4th Cir. 2/11/94), 632 So.2d 846.
The documents attached the Ms. Zuker's motion for summary judgment in the instant case are sufficient to support the motion for summary judgment. Although Ms. Zuker's evidence does not negate all the elements of the plaintiff's case, she does show an absence of factual support for the second element of the plaintiff's cause of action. Ms. Zuker's evidence is sufficient to show that she neither knew nor should have known of the defect in the property. Thus, she proved that she was entitled to summary judgment as a matter of law.
The burden of proof thus shifted to Ms. Chau to show that a genuine issue of material fact remained concerning whether Ms. Zuker knew or should have known of the alleged defect in the property; she is not entitled to rest on the allegations of her petition to overcome the motion for summary judgment. Because Ms. Chau failed to carry her burden of proof, the trial court correctly granted summary judgment in favor of Ms. Zuker.
NOTES
[1] This actually is the second appeal from a motion for summary judgment in favor of Ms. Zuker. Previously, Ms. Zuker moved for summary judgment presenting only the lease in support of the motion, i.e. she did not submit an affidavit or other evidence of her lack of knowledge of the defect. In an unpublished opinion, we reversed and remanded, expressly reserving Ms. Zuker's right to file a second motion for summary judgment on remand. Chau v. Takee Outee of Bourbon, Inc., 96-0489 (La.App. 4 Cir. 9/20/96), 680 So.2d 791.
[2] Maraist and Galligan note that 1996 amendments to the strict liability Civil Code articles may affect the significance of La. R.S. 9:3221. Louisiana Tort Law at § 17-3. However, the 1996 amendments are not retroactive. Louisiana Tort Law at § 14-1. The accident in the present case occurred in 1992.