594 So.2d 995 (1992)
Lodis J. DUPLECHAIN III and Aline B. Duplechain, Plaintiffs-Appellees,
v.
OLD HICKORY CASUALTY INSURANCE COMPANY, et al., Defendants, and
Louisiana Farm Bureau Mutual Insurance Company, Defendant-Appellant.
No. 90-833.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*996 Wm. Brinkhaus, C. Kenneth Deshotel, Opelousas, for plaintiff/appellee.
Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Peter F. Caviness, Opelousas, for defendant/appellantFarm Bureau Ins.
Dubuisson & Dubuisson, Edward B. Dubuisson, Opelousas, for defendant/appelleeOld Hickory Ins.
Before DOMENGEAUX, C.J., and STOKER and MARCANTEL[*], JJ.
DOMENGEAUX, Chief Judge.
Defendant, Louisiana Farm Bureau Mutual Insurance Company, appeals the portion of a trial court judgment awarding exemplary damages under La.C.C. art. 2315.4 to plaintiffs, Lodis and Aline Duplechain. For the following reasons, we affirm.

*997 FACTS
At approximately 12:00 a.m. on September 7, 1986, Lodis Duplechain was driving in a northerly direction on Louisiana Highway 105 towards Melville, with his wife and their infant daughter as passengers. At the same time the Duplechains were travelling north, James Mason had parked his pickup truck so that it straddled the center line of Highway 105 facing south. Just before the accident, Mason had exited his vehicle and was standing in the oncoming lane of traffic as he argued with his wife Tracy. Mason's truck was running and its head lights were on, with the right light burned out.
As Duplechain crested the Melville ring levee, he noticed the one head light of the Mason vehicle. He slowed down and veered to the right, but he was unable to avoid striking Mason and the side of the truck. Mason was killed instantly. Mrs. Mason, who was sitting in the truck at impact, was uninjured.
The Duplechains filed suit for their personal injuries sustained in this accident against Mason's estate, his insurer, Old Hickory Casualty Insurance Company, and their uninsured motorist carrier, Farm Bureau. After a bench trial, the court awarded the Duplechains compensatory damages totalling $50,850. That portion of the judgment is not before us. The court further awarded Aline and Lodis Duplechain $10,000 each in exemplary damages after concluding that Mason was intoxicated and his intoxication was a cause in fact of the accident.

EXEMPLARY DAMAGES
La.C.C. art. 2315.4 provides:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton and reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
Farm Bureau first argues that the trial court erred in awarding exemplary damages under this article because the plaintiffs failed to prove that Mason was intoxicated at the time of the accident. Specifically, Farm Bureau contends the plaintiffs failed to lay a proper foundation for the introduction of a blood alcohol analysis showing that Mason's blood alcohol level was .24%.
Before test results, including blood alcohol test results, can be admitted in a civil or criminal proceeding, the party seeking to introduce the results must lay a proper foundation by connecting the specimen with its source, showing that it was properly labeled and preserved, properly transported for analysis, and properly taken by an authorized person properly tested. Swanson v. Estate of Augusta, 403 So.2d 118, at 124 (La.App. 4th Cir.1981), writ denied, 407 So.2d 732 (La.1981).
Mr. Lowell Sibille, director of Sibille's Funeral Home in Opelousas, testified that he drew two vials of blood from Mason's body on the evening of the accident. He testified he gave these vials to his embalmer, Mr. David Solis. State Trooper Glen Delatte, who investigated the accident, testified he received the vials from Solis, sealed them and mailed them to the Louisiana State Police Crime Lab for analysis. John Ricca, a forensic scientist, testified he broke the seal on the vials at the crime lab and performed the blood analysis. He stated the seal indicated the blood sample had been sent by Trooper Delatte.
Defendant cites Allemand v. Zip's Trucking Co., Inc., 552 So.2d 1023 (La. App. 1st Cir.1989), writ denied, 558 So.2d 569 (La.1990), to support its argument that the test results should not have been admitted because Solis did not testify. In Allemand, the investigating officer could not recall who had given him the blood sample at the funeral home, and there was an unexplained delay of 13 days between delivery of the sample to the state police and its receipt by the crime lab. In the instant case, the funeral director testified he gave the sample to Solis, and the officer identified Solis as the person from whom he obtained the sample. The packaging label, which was introduced into evidence, indicates *998 the sample was promptly sent to and received by the crime lab, with the seal intact until it was broken by the scientist who performed the blood analysis. Upon review of the record, we are convinced the plaintiffs have proved by a preponderance of the evidence that the sample taken was indeed the sample tested and that the sample was properly transported and preserved. We find no error in the trial court's admission of the forensic report. See Hutson v. Madison Parish Police Jury, 496 So.2d 360 (La.App. 2d Cir.1986), writs denied, 498 So.2d 749, 758 (La.1986). Additionally, our review of the record discloses testimony which supports a finding that the decedent was intoxicated.
Farm Bureau next argues article 2315.4 is not applicable because Mason was not "operating" a motor vehicle at the time of the accident. Although the truck's engine was running and its one working head light was on, at the time of impact Mason was standing outside the vehicle near the left front fender.
The testimony of Mrs. Mason and the investigating officer establishes that James Mason parked his vehicle straddling the center line of a two lane highway at night and left the vehicle in that position for some time. Mason was certainly exercising control of the vehicle when he parked it in such a dangerous position, and he maintained that control in choosing to perpetuate the hazard by not removing the vehicle from the travelled portion of the roadway. We have little trouble concluding that Mason's actions amount to the operation of a vehicle with a wanton and reckless disregard for the rights and safety of others.
In its final argument, Farm Bureau asserts that the plaintiffs failed to prove Mason's intoxication was the cause of his parking the vehicle in the middle of the road. Farm Bureau contends the evidence preponderates that Mason stopped his vehicle in response to his anger with his wife.
In McDaniel v. DeJean, 556 So.2d 1336 (La.App. 3d Cir.1990), this court rejected a similar argument when the defendant claimed the cause of a rear end collision was not his intoxication but his fatigued condition. La.C.C. art. 2315.4 does not require the plaintiff to prove that the defendant's intoxication was the sole cause of his injuries. After reviewing the testimony regarding the events immediately preceding the accident, and the statement of the forensic scientist as to how much alcohol is required to reach a level of .24%, we find no error in the trial court's conclusion that Mason's intoxicated condition was a cause in fact of the plaintiffs' injuries.
For the above and foregoing reasons, that portion of the trial court judgment awarding exemplary damages to Aline and Lodis Duplechain is affirmed. Costs of this appeal are assessed to appellant Louisiana Farm Bureau Insurance Company.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.