J^PLOTKIN, Judge.
The vexing issue that we must confront in this case is whether the trial court correctly concluded that the plaintiff, Gregory B. Elder, discharged his burden of proving that the conduct of defendant, Oscar F. Rowe, Jr., was a cause-in-fact of the Elder’s injuries. We are also called upon to interpret the provisions of Civil Code article 2315.4, which provides for recovery of punitive damages in eases involving the wanton and reckless conduct of intoxicated motorists. For the reasons that follow, we affirm.

FACTS

The relevant facts of this case are set forth in the police report that was admitted into evidence. The report states as follows:
On Friday November 16, 1990 @ 1:07 A.M. Officer P. Charbonnet was patrolling the Pontchartrain Expressway westbound when he observed a vehicle on fire on the eastbound side in the far right lane. As the officer pulled to the left shoulder to *720 assist, another police unit manning [sic] George Waguespack also pulled over to assist. The two officers then observed a white male trying to open the driver’s door from inside of the burning vehicle. As officers ran through the eastbound traffic, unknown bystanders were yelling that someone was still in the car. At this time emergency and fire units were requested.
RWhen officers became within several feet of the vehicle, they tried to open the car door from the outside, but met with negative results because the car was too hot. The victim inside the car managed to open the door just enough for Officer Charbonnet to stick his left foot in and swung the door open with his leg. Officer Waguespack then reached into the car and grabbed the victim with Officer Charbon-net. The two officers pulled the victim out of the vehicle while his clothes, and parts of his body were on fire. As the officers were bringing him to safety, they preceded [sic] to remove the burning clothes. Officer Charbonnet then asked if anyone else was in the vehicle, and the victim replied in a distressed voice, “I have a lady friend in the car”. At this time the fatality unit was notified via the NOPD command desk.
NO[P]D unit 6213 arrived on the scene to assist the victim. Several other police units also assisted with traffic and crowd control. While paramedics were treating the burned victim a piece of rear bumper connected to a gas shock exploded. The debris from the bumper, flew 60 to 80 feet striking sergeant Greg Elder just below the knees knocking him to the ground.
The burned victim was transported to CHNO for treatment, and sergeant Greg Elder was transported to Tulane Medical Center, where he was treated and released. After the fire department extinguished the flames, no evidence of another person was found in the charred vehicle. It was unknown at this point if the victim had been drinking. An unknown witness stated that he saw the vehicle roll over an object in the roadway just before it burst into flames. Officer Charbonnet could not locate any large object that the vehicle could have possibly rolled over. No other evidence of a vehicle accident has been discovered.
Officer Charbonnet then relocated to CHNO to try and get additional information from the victim, but was unable because of treatment being administered by hospital staff. Any additional information will forwarded [sic] in a supplemental report.
Plaintiff, Sergeant Elder, brought this suit to recover damages for the injuries he sustained when the bumper from Rowe’s car struck him in the knee. The parties stipulated that Elder suffered general and special damages totalling $9,500.00, not including punitive damages under Civil Code article 2315.4.
The trial court found that Rowe caused Elder’s injuries and awarded Elder the stipulated damages, but refused to award him any punitive damages Civil Code article 2315.4. Rowe appeals, challenging the trial court’s findings on causation and liability. Elder answered the appeal, challenging the trial court’s refusal to award punitive damages.

_JsDISCUSSION

The record in this case reveals no evidence as to what caused the fire in Rowe’s car. Although Rowe’s deposition was introduced at trial, he has no independent recollection of the events of November 16 and thus his deposition offers no guidance in resolving this question. All that we do know is that the Rowe was intoxicated that night and that somehow his car caught on fire. Based on this evidence, the trial court gave the following Reasons for Judgment:
Under a duty-risk analysis, the Court is required to follow through on a “but for” analysis of the facts.
[[Image here]]
On the basis of Brown v. Tesack, 566 So.2d 955 (La.1990), the Court finds that the test of a duty-risk analysis has been met. But for Rowe’s intoxication and heat from the fire which made the car door hot, it is more probable than not that he could have extracted himself from his burning car without the assistance of anyone.... But for the vehicle being on fire, the vehicle would not have exploded. But for the *721 vehicle exploding, the bumper would not have flown 60 to 80 feet striking Elder.
Principal causes-in-fact of Elder’s injuries are Rowe’s intoxication and the fire, regardless of the latter’s cause.
The trial court’s findings shall not be reversed by this court in the absence of manifest error or unless they are clearly wrong. Spiegal v. Fireman’s Fund Ins. Co., 94-1252, p. 4 (La. 2/20/95), 650 So.2d 742, 745.
In a normal personal injury case, the plaintiff bears the burden of proving that the defendant was at fault and that that fault was the proximate cause of that plaintiff’s injury. Id. at p. 6, 650 So.2d at 747. However, in some cases, Louisiana courts have recognized that this is an unfair burden to impose on the plaintiff. In those cases, the courts have held that it is the defendant’s burden to establish his freedom from fault, however slight. Id. For example, courts have held that a presumption of negligence arises when the defendant’s car leaves its own lane of traffic and crosses into another where it strikes the plaintiffs car. Under these circumstances, the Louisiana Supreme Court has observed that shifting the burden of proof to the defendant is equitable “because ‘it seems only reasonable ... that a motorist owes ... the duty of remaining in his own lane ...”’ Id. (quoting Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957)).
|4In the case of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the court found occasion to extend this principle to a case where the defendants’ car rear-ended the plaintiffs car, declaring that “it seems only reasonable that a motorist should not run into an automobile ahead of him, when the driver of that automobile is without fault”. Id. at 1335. However, the court also noted that under these facts, application of custodial liability under Civil Code article 2317 was “more appropriate.” Id. The court stated that
the plaintiff, Arceneaux, who was without fault in the accident, satisfied the requirement of C.C. 2317 by proving that his damages were caused when he was struck from the rear by defendants’ automobile. Defendants were the custodians of the automobile, and were therefore responsible for the damages it caused. The burden of proof shifted to defendants, who might have escaped liability only by proving that “the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force.”
Id. (quoting Loescher v. Parr, 324 So.2d 441, 447 (La.1975)).
We find that application of custodial liability is appropriate in this case as well. Civil Code article 2317 provides in pertinent part that “[w]e are responsible ... for that which is caused by ... the things which we have in our custody.” La. C.C. art. 2317. Under this article, liability can be imposed against the owner or custodian of an object that causes injury to a third person even if the owner or custodian was unaware of the defect in the object that causes the injury. See Ellison v. Conoco, Inc., 950 F.2d 1196, 1208 (5th Cir.1992) (applying Louisiana law), cert. denied, — U.S.-, 113 S.Ct. 3003, 125 L.Ed.2d 695 (1993); Goodlow v. City of Alexandria, 407 So.2d 1305, 1306 (La.App. 3d Cir.1981). There can be no doubt that Rowe had garde of his car at the time of the accident and is thus subject to custodial liability.
Therefore, it is irrelevant that Rowe may not have caused the accident by some active negligence on his part, such as dropping a cigarette that led to the fire in his car. See Vicknair v. T.L. James Co., Inc., 375 So.2d 960, 962 (La.App. 4th Cir.1979) (noting that liability under article 2317 can be imposed “regardless of any personal negligence by the custodian”), writ denied, 379 So.2d 10 (La.1980). The Louisiana Supreme Court, in the leading case of Hill v. Lundin & Assocs., Inc., 260 La. 542, 256 So.2d 620 (La.1972), noted that “conduct which creates an appreciable range of risk for causing harm ... is prohibited.” Id. at 622. Under the facts of this case, we conclude that Rowe, by driving his car when his 16blood alcohol level was over three times the maximum permissible limit, engaged in conduct creating an appreciable risk of harm. He could, for example, have caused an accident while driving in his impaired state. In this case, Rowe’s intoxication caused or at least was a contributing *722 cause of his inability to exit his car unassisted.
Therefore, the trial court could properly conclude that a principal eause-in-fact of Elder’s injury was “Rowe’s intoxication and the fire, regardless of the latter’s cause.” Although this Court might have reached a different result had it been sitting as the trier of fact, a trial court’s finding as to causation may not be reversed unless it is clearly wrong or manifestly erroneous. See Spiegal, 94-1252, at p. 4, 650 So.2d at 745; see also Housley v. Cerise, 579 So.2d 973, 979 (La.1991); Mathieu v. Imperial Toy Co., 93-1182 (La.App. 4th Cir. 1/13/94), 632 So.2d 375, 379, rev’d on other grounds, 94-0952 (La.11/30/94), 646 So.2d 318. We cannot reach this conclusion as to the trial court’s causation finding.
As to the question of punitive damages, we find no error in the trial court’s holding that “no punitive damages are due because the fire (and resulting explosion) is not shown by the evidence to be due to the ‘operation’ of the vehicle. La.C.C. art. 2315.4.” The jurisprudence applying the term “operation” to stopped vehicles generally involves cases in which the vehicle is stopped in a hazardous manner that contributes to the accident, for example, parking a vehicle across the center fine of a two-lane highway at night. E.g., Duplechain v. Old Hickory Cas. Ins. Co., 594 So.2d 995, 998 (La.App. 3d Cir.1992). In contrast, in this case, neither the movement nor the placement of Rowe’s vehicle contributed to this accident. Thus, imposition of punitive damages would not conform with the purpose of Civil Code article 2315.4, which is designed to penalize those who, under the influence in alcohol, create a hazard by the unsafe movement or placement of their vehicle. The trial court correctly denied Elder’s request for punitive damages.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed in all respects.
AFFIRMED.
BYRNES and CIACCIO, JJ., concur.