CLARK v. ENGELHARDT

(November 13, 1928.  Opinion and Decree.)

Habans & Coleman, of New Orleans, attorney for plaintiff and appellee.

E. Howard McCaleb, of New Orleans, attorney for defendant and appellant.

WESTERFIELD, J.  Plaintiff on June 18, 1924, by written contract, leased an apartment from defendant, the lease to begin on October 1, 1924, and terminate on the last day of September, 1926.  Under the terms of the lease the defendant, the owner of the property, obligated himself "to refinish all walls."  On September 10, 1924, by arrangements with a party by the name of Good, who at that time occupied the apartment, plaintiff, with the consent of defendant, moved in.  Almost immediately thereafter, defendant contracted with one Raub, for the painting of the walls.  Mr. Raub, or his employee, was negligent in the execution of his contract, in that he failed to protect plaintiff's furniture from paint which fell as it was being applied to the wall.

Plaintiff sues for $335.00, the alleged amount of damages sustained by his furniture, in consequence of the negligent act of Raub or his employee.  The defense is two-fold.  First, that, at the time the damage occurred, plaintiff was a sub-tenant under an agreement with Good, defendant's tenant, and, that defendant, as the landlord is not responsible to plaintiff, because the relation of landlord and tenant had not yet begun.  Second, defendant cannot be held responsible for the negligent execution of the painting contract, because Raub was an independent contractor.

The trial court awarded plaintiff damages in the sum of $250.00 and defendant has appealed.

As to the first point raised, the evidence is to the effect that the tenant, Good, occupied the premises, under a lease from defendant which prohibited sub-letting of the premises without the consent of the owner, defendant herein; that the owner's consent was first obtained, whereupon defendant took immediate steps to refinish the walls

as he was obligated to do, under the terms of the lease with plaintiff. Defendant testified that he warned plaintiff of the possibility of injury to his furniture by the painting of the walls, and that plaintiff assumed all risk incident thereto. This statement is denied by plaintiff and is not, otherwise supported, consequently it cannot be considered, because not established. Plaintiff cannot hold Mr. Good responsible for the damage to his furniture for Good had nothing whatever to do with the painting, which was the subject of an agreement between plaintiff and defendant. The fact that he elected to perform that obligation a few days before the beginning of plaintiff's lease, was a voluntary performance of an obligation imposed by the lease, and cannot, in our opinion, absolve him of responsibility as landlord.

It must be conceded that the evidence establishes that the painting of the walls was done by an independent contractor, and there is no dispute that the damage, for which compensation is claimed in this suit, was caused by the contractor or his agents. The law is well settled to the effect that, as a general rule, an employer is not liable for the negligence of an independent contractor, his agents or employees, but this rule, like all rules, admits of exception.

The question presented here is whether a landlord, who has obligated himself in a lease contract with his tenant, to make repairs, is responsibile for the careless execution of the repairs by the agent of an independent contractor.

We are referred to the case of Smith vs. The Female Orphan Asylum, 1 La. 547, where it was held that "If any damage be sustained by the lease in consequence of repairs put upon the building by the lessor, the latter is responsible." Criticis-

ing this case, opposing counsel points to the fact that it was decided in 1830 when, perhaps, the doctrine of independent contractor did not prevail, and that, in any event, no such defense was made in that case. The opinion in that case does show that the repairs were made by a contractor, though there is no discussion of the doctrine of independent contractor. We quote the following:

"The undisputed facts of the case are the following: The appellants leased to Smith a part of a house owned by them in the Faubourg St. Mary, for the term of five years, to commence from the 1st of January, 1829, to be used as an ice-house; at the time of the lease the house required some repairs; on the 21st of April, in the same year, the owners contracted with certain undertakers to make them, and amongst other things to put on a new roof. The repairs were not commenced (at least so far as they related to the roof) until the middle of June, at which time the old roof was taken off; and rains which immediately succeeded destroyed about 200 tons of ice, which had been put by the plaintiff into that part of the tenement by him rented. The value of the ice is proven to have been forty dollars per ton.

"According to these facts, the defendants are clearly responsible in damages for the loss occasioned to plaintiffs; being a direct consequence of the misconduct of their agents (the undertakers) in removing the roof of the house, by which the property therein stored, was exposed to imminent risk and danger, especially such an article as ice, which could not fail to be suddenly and totally destroyed by exposure to rain."

The industry of both counsel has failed to produced any other Louisiana case presenting closer analogy with the instant case than the Smith case.

In Burke vs. Werlein, 143 La. 791, 79 So. 405, it was held that a property owner was liable in solido, with an independent contractor, where the work done under the

contract "was intrinsically dangerous." It might be argued that the work done by the contractor, in this case, was intrinsically dangerous to plaintiff's property. It was certainly calculated to injure plaintiff's property unless proper steps were taken to protect it.

The learned judge of the trial court was largely influenced in his conclusion by the holding in the case of Fowler vs. Saks, 18 D. C. (7 Mackey 570), 7 L. R. A. 649, decided by the Supreme Court of the District of Columbia. In that case the Court, after discussing the doctrine of independent contractor, said:

"But the rule itself has certain very proper and reasonable exceptions. These are expressed, perhaps, as well as anywhere else, in Cooley on Torts, pages 547 and 548.

"'In general,' it is said, 'it is entirely competent for one having any particular work to be performed to enter into agreement with an independent contractor to take charge of and do the whole work, employing his own assistants and being responsible only for the completion of the work as agreed. The exceptions to this statement are the following: He must not contract for that the necessary or probably effect of which would be to injure others, and he cannot, by and contract relieve himself of duties resting upon him as owner of real estate not to do or suffer to be done upon it that which will constitute a nuisance, and therefore an invasion of the rights of others. Observing these rules, he may make contracts, under which the contractor, for the time being, becomes an independent principal, whose servants are exclusively his, and no those of the employer he contracts with; and the contractor is in no such sense the servant of his employer as to give to others rights against the employer growing out of the contractor's negligence. In one case the following rules have been laid down: "1. If a contractor faithfully performs his contract, and a third person is injured by the contractor in the course of its due performance or by its result, the employer is liable, for he causes the precise act to

be done which occasions the injury, but for the negligence of the contractor not done under the contract, but in violation of it, the employer is in general not liable. 2. If I employ a contractor to do a job of work for me which, in the progress of its execution, obviously exposes others to unusual perils. I ought, I think, to be responsible on the same principle as in the last case, for I cause acts to be done which naturally expose others to injury".' "

An interesting discussion of the subject we are considering will be found in the 15th American Law Report at page 975, et seq. It is there pointed out that in at least two jurisdictions, a landlord is not responsible for injury to the tenant's goods because of the negligence of the contractor, if the contractor be competent and the work contracted for not inherently dangerous. Lawrence vs. Shipman, 39 Conn. 586; Meany vs. Abbott, 6 Phil. 256. Some jurisdictions hold that liability of the landlord depends upon whether repairs were made gratuitously or in the performance of a duty resting on the landlord. Bains vs. Dank, 199 Alabama 250, 75 S. O. 341; S. W. Noggle Wholesale and Mfg. Co. vs. Sellers & M. Roofing Co., 183 Mo. App. 659.

It has also been held that where a landlord is under a legal obligation to make repairs, he cannot escape responsibility for injury to tenant's goods, by showing that the damages were caused by the independent contractor. "The covenant of the defendant, in the lease, to repair, is a personal one, the performance of which it could not delegate to another so as to absolve it from liability for damages resulting from the negligent performance of the duty." Eberson vs Continental Investment Co., 188 Mo. App. 67, 93 S. W. 297. In Bickley vs. Luce, 148 Mich. 233, 111 N. W. 752, the landlord was held responsible for damage to the tenant's merchandise caused by the negligent alterations made by another

tenant, at his own expense, with the permission of the landlord. In that case the Court said:

"If the landlord had directed the tenant to make the repairs, at the landlord's expense, in whole or in part, the men who carried out the work would have represented the landlord, whether they were independent contractors or not. The duty to so reconstruct the building as not to injure the plaintiff would be an absolute duty, resting upon the landlord, which he could not delegate to another, and thereby escape liability, * * * Whatever the rule might be as to a stranger, it can make no difference in principle as to plaintiff, who occupied under a covenant for quiet enjoyment, whether the expense of reconstruction was borne by the landlord or another, acting by his authority. In either event, the invasion of plaintiff's possession would be due to the authority of the landlord, who had agreed to protect it, and, in either event, the landlord should be held liable for the negligent execution of the work, the result of which, directly attributable to the authority of the landlord, was an eviction of the tenant."

In 14 R. C. L. Verbo "Independent Contractor," page 104, we find the following text, supported by a number of authorities:

"If a landlord is obligated to, or attempts to make repairs to leased premises, due care must be exercised to the end that injury to the tenant will not be caused; and, if the landlord employs an independent contractor to make the repairs and he does the work so negligently that injury is thereby caused to a tenant, the landlord is responsible."

Whatever dearth of jurisprudence may be in this state on the subject, there is no lack of authority in other jurisdictions, the great weight of which seems to be to the effect that a landlord is liable under the circumstances prevailing in this case.

For the reasons assigned the judgment appealed from is affirmed.