557 So.2d 1062 (1990)
Mary Ann DANIELS, Individually and on Behalf of her Minor Son, Lawon Johnson, Plaintiff/Appellant,
v.
A.D. DAUPHINE d/b/a All-In-One, et al., Defendant/Appellee.
No. 21302-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
Writ Denied May 11, 1990.
*1064 Piper and Associates by Robert E. Piper, Jr., Shreveport, for plaintiff/appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Ronald E. Raney, Shreveport, for defendant/appellee, A.D. Dauphine and Boston Old Colony Ins. Co.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for defendant/appellee Earl Peters.
Before HALL, C.J., and MARVIN and LINDSAY, JJ.
HALL, Chief Judge.
This is an action to recover damages for personal injuries sustained by Lawon Johnson, the nine year-old minor child of plaintiff, Mary Ann Daniels. Lawon was burned when he attempted to burn an ant hill with gasoline while working in the yard of Don Matlock's trailer home which was located on property owned by Earl Peters. The gasoline was purchased by his older brother from A.D. Dauphine's store. Named as defendants were Peters, Dauphine and Dauphine's insurer. Matlock was not sued.
The trial court granted summary judgment in favor of all defendants and dismissed plaintiff's suit. Plaintiff appealed asserting the existence of genuine issues of material fact and that defendants are not entitled to judgment as a matter of law. For the reasons set forth below, we affirm.

FACTS
The pleadings, depositions and affidavits filed by the parties pursuant to the motion for summary judgment disclose the following facts. On July 6, 1987, Lawon and his older brother, Carlos Johnson, went to cut grass for Don Matlock as they had done several times previously. Matlock lived in a trailer house on property owned by Earl Peters. As part of his arrangement with Peters, Matlock had agreed to keep the grass cut. On this occasion, as he had done in the past, Matlock hired the Johnson brothers to mow the yard, agreeing to pay them five dollars each. Matlock kept gasoline for the mower in a plastic milk bottle. When the bottle was empty, Carlos, the older boy, age 12, went to the All-In-One store run by A.D. Dauphine and purchased one dollar's worth of gasoline which Carlos pumped into the plastic jug.
On returning to the Matlock residence Carlos filled the mower and began mowing grass. Lawon was to pick up paper and other debris in the yard. After a portion of the yard had been mowed, the boys found a sizeable ant hill which they determined should be destroyed by using some of the remaining gasoline.
Lawon poured gasoline on the ant hill and then, in spite of a warning by Carlos not to do so, set fire to the gasoline soaked ant hill by using a lighter or matches that he found in the yard.
Lawon testified by deposition that the ant hill blazed up catching the jug and his pants on fire. Carlos testified to witnessing the incident. He stated that Lawon dropped the jug when the ant hill blazed up causing gasoline to splash onto his pants which then caught fire.
As a result of the fire, Lawon suffered third degree burns and has significant scarring and reduced physical abilities. He faces further surgery to lessen the effects of the burns.

ISSUES ON APPEAL
On appeal, plaintiff argues that:
(1) There are material issues of fact in dispute, making summary judgment inappropriate;
(2)(a) Matlock and Peters were at fault in hiring the young boys to purchase gasoline for the mowing operation, particularly in violating the child labor laws, LSA-R.S. 23:161, et seq., and (b) Matlock was Peters' agent and therefore Peters is responsible for Matlock's tortious conduct which resulted in injury to Lawon.
(3) Dauphine was negligent, (a) in selling gasoline to a 12-year-old boy who was too young to appreciate the danger of gasoline, and (b) in selling gasoline in a plastic container in violation of federal law, 15 U.S.C.A., § 1263.

*1065 SUMMARY JUDGMENT
Summary judgment is provided for in LSA-C.C.P. art. 966 and should be granted when reasonable minds must conclude that the mover is entitled to judgment as a matter of law on the facts before the court. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden is on the mover to establish that no issues of material fact are still at issue, and that he is entitled to judgment as a matter of law. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). In this case, the facts surrounding the incident and fire are virtually undisputed.

LIABILITY OF EARL PETERS
Plaintiff argues first that Matlock and Peters were negligent in hiring the young boys to work with gasoline in the grass cutting operation, particularly in violating child labor laws. The depositions clearly show without dispute that the boys were hired by Matlock, not by Peters. Peters left the grass cutting up to Matlock and although Peters was aware that Matlock employed the boys from time to time for that purpose, Peters did not do the hiring and exercised no supervision or control over the cutting of grass on his property. Thus, Peters was not directly at fault and has no liability unless, because of a legal relationship with Matlock, he is vicariously liable.
Plaintiff next asserts that Matlock was Peters' agent, that Peters is responsible for his agent's torts, and that the relationship between Peters and Matlock is a factual issue material to the determination of liability imposable on Peters.
Determination of the nature of the relationship between Peters and Matlock and corresponding liability is a proper subject for summary judgment where, as here, there are no genuine issues of material fact.
Assuming for purposes of discussion that Matlock was Peters' agent and that Matlock's conduct was tortious, nevertheless a principal is not liable for the physical torts of a non-servant agent. Only when the relationship of the parties includes the principal's right to control physical details of the actor as to the manner of his performance which is characteristic of master and servant does the person in whose service the act is done become subject to liability for the physical tortious conduct of the actor. Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748 (La. 1987); Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968). The same basic rule applies to independent contractors generally. See Massey v. Century Ready Mix Corp., 552 So.2d 565 (La.App. 2d Cir.1989) writ denied 556 So.2d 41 (La.1990).
Physical tortious conduct would include the type of tortious activity of which Matlock is accused in this case, that is, lack of supervision, making gasoline available to children, and hiring of children in violation of child labor laws. Note that in the Rowell case defective repair work on the floor of a mobile home through which the plaintiff fell was considered physical tortious conduct by the agent for which the principal was not liable. Physical conduct relates to the agent's movements and his control of physical forces and physical details as to the manner of performance of the agent's services. See Blanchard v. Ogima, supra. Here, the agent's conduct complained of related to the physical details of the manner in which he accomplished the service of keeping the grass cut. The principal, Peters, while aware that Matlock from time to time employed the boys to mow the lawn, exercised no control over these activities and is not responsible for any tortious conduct on the part of Matlock.

LIABILITY OF A.D. DAUPHINE
Plaintiff asserts that the trial court erred in failing to find that there was a legal duty on the part of the defendant service station owner to refrain from selling gasoline to a child 12-years-old and that the defendant's breach of that duty was a legal cause of the injuries to Lawon. Plaintiff relies principally upon Jones v. Robbins, 289 So.2d 104 (La.1974) for this proposition. In Jones, a service station owner who sold gasoline to a six-year-old child was held *1066 liable for injuries sustained by a four-year-old child who was burned while playing with the gasoline and matches.
Was the sale of gasoline by defendant to Carlos a cause-in-fact of the injury to Lawon? Can it be said that but for the sale by defendant to Carlos, the accident would not have happened? Defendant placed the gasoline in Carlos' possession and it was this gasoline that flamed up when ignited and caused Lawon's injury. But for the sale of gasoline, the boys would not have had the gasoline and the accident would not have happened. Thus, the sale of gasoline was a cause-in-fact of the injury.
Did defendant owe a legal duty to Lawon not to sell the gasoline to Carlos? Did the sale of gasoline to 12-year-old Carlos create an unreasonable risk of injury to his 9-year-old brother?
There is a substantial difference in selling gasoline to a six-year-old, as in Jones v. Robbins, and selling to a 12-year-old. In Jones, the court referred to the six-year-old as an incompetent person who likely would treat gasoline no differently than water, milk or other non-dangerous liquid. It was stated that a vendor has a duty not to place gasoline in the hands of those who by reason of age or other disability are unaware of the special propensities of the material and of the preventive measures which must be taken in using it. Placing gasoline in the hands of an incompetent child, considering the propensity of such a child to engage in group play with the substance, created an unreasonable risk of harm to others. The duty not to place gasoline in the hands of an incompetent six-year-old encompassed the risk that another incompetent child might misuse the substance and be harmed.
A 12-year-old is considerably more mature and experienced than a six-year-old, and can hardly be referred to as an incompetent. Numerous cases have recognized that a 12-year-old child is capable of being negligent or contributorily negligent, implying that a child of that age is considered to have reached a sufficient point in age, growth and judgment to be held responsible for their own acts, depending on the circumstances of each case. See, for example, Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La. 1982); Fusilier v. City of Houma, 421 So.2d 418 (La.App. 1st Cir.1982). While determination of a child's capacity to be negligent is not the same as determination of the duty owed to a child, both determinations involve consideration of the child's ability to appreciate the dangers and risks of circumstances with which he is confronted.
A 12-year-old boy of normal intelligence and experience is aware of the dangerous characteristics of gasoline and can ordinarily be expected to exercise sufficient judgment to protect himself and others, including younger children, from harm. Gasoline, while a dangerous commodity, is a common substance normally accessible to 12-year-olds in storage rooms at home and other places. Children are taught and warned about the inflammable nature of gasoline, as were Carlos and Lawon in this case. It is not uncommon, particularly in a rural, small town environment, for gasoline to be made available to 12-year-olds by their parents and others with supervision over them for use in operating lawn mowers, trail bikes, outboard motors, and the like. A certain degree of hazard accompanies the use of gasoline, by adults as well as children, but that is one of the everyday hazards of modern life, and is not an unreasonable hazard. Certainly a youth is more likely than an adult to become careless or make a mistake in the use of gasoline, but young people cannot be protected and shielded from all possible harm. Healthy and useful activities for 12-year-olds, such as mowing lawns, require exposure to the use of gasoline.
Thus, we distinguish between the sale of gasoline to a six-year-old as was the case in Jones, and the sale to a 12-year-old as is the case here. We find no duty on the part of the service station owner to refrain from selling gasoline to 12-year-old Carlos. No unreasonable risk of harm to Lawon was created by the sale of gasoline to his older brother.
*1067 Plaintiff also argues that Dauphine breached a duty owed to the injured boy by dispensing gasoline in an improper container, the plastic milk jug, which is in violation of a federal statute, 15 U.S.C.A. § 1263. The federal statute referred to by plaintiff deals with mislabeling hazardous substances. Here there is no contention that the children thought the substance was anything other than what it was, gasoline. Therefore, any violation of the statute had no causal relationship to the accident and injury and no bearing on Dauphine's liability.
Plaintiff points to no other statute or regulation that describes a proper container or prohibits dispensing gasoline into plastic containers. We note that Dauphine testified that he placed signs on his pumps prohibiting use of plastic containers as required by his gasoline distributor and that his employees knew that plastic containers were not to be used. Nevertheless, there is nothing in the description of the incident given by the two brothers to give the slightest indication that the type of container had any causal relationship to the unfortunate accident.
Accepting the virtually undisputed facts in the light most favorable to plaintiff, the defendant service station owner is not liable as a matter of law.

CONCLUSION
There are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. For the reasons stated, the summary judgment in favor of defendants dismissing plaintiff's suit is affirmed at plaintiff-appellant's costs.
AFFIRMED.