971 So.2d 420 (2007)
ALLSTATE INSURANCE COMPANY as Subrogee of Wil Fredo
v.
Joseph VENINATA d/b/a Oak Park Shopping Center, et al.
Mirabeau Family Learning Center, Inc.
v.
United States Fidelity & Guaranty Company, Joseph Veninata and Maria a Veninata, St. Paul Fire and Marine Insurance Company, Lloyd's of London, Woldorf & Associates Insurance Consultants, Bertrand Jones, Individually and d/b/a Brother's Roofing, et al.
Nos. 2006-CA-1641, 2006-CA-1642.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 2007.
Rehearing Denied December 5, 2007.
*422 Pierre V. Miller II, Patrick, Miller, Burnside & Belleau, L.L.C., New Orleans, LA, for Mirabeau Family Learning Center, Inc.
Lawrence J. Boasso, Waller & Associates, Metairie, LA, for Joseph Veninata and Maria A. Veninata.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This appeal arises out of a December 14, 2003 fire in the Oak Park Shopping Center located on Paris Avenue and Mirabeau Avenue in New Orleans. Appellees, Mr. and Mrs. Veninata, were the owners of Oak Park Shopping Center where appellant, Mirabeau Family Learning Center, Inc., leased commercial space. The fire was caused by the negligence of roofers who were hired by appellees to fix a roof leak. Mirabeau Family Learning Center, Inc. filed suit against Mr. and Mrs. Veninata for damages resulting from the fire. The Veninatas filed a motion for summary judgment, which the trial court granted. The trial court simultaneously denied Mirabeau's cross-motion for summary judgment. We find no genuine issues of material fact. We therefore affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On May 21, 2001, Mirabeau Family Learning Center, Inc. ("Mirabeau") entered into a written lease for commercial space in the Oak Park Shopping Center ("Oak Park") from Joseph and Maria Veninata ("the Veninatas"). Michael R. Vales, the executive director of Mirabeau, testified that he read the lease and had the authority to execute for the corporation. Some time after Mirabeau took possession of the leased space, Mirabeau found leaks in the roof. The Veninatas were informed of the problem and arranged for repair of the roof at their own expense. The first attempt at repair bandaged the problem and the roof leaked again not long after the first repair. A second attempt to repair the roof took place in December 2003; the Veninatas hired Brothers Total Renovation ("Brothers") to perform the repair work on the roof. As a result of Brothers' negligence, Oak Park caught fire in the roof area on December 14, 2003 and sustained extensive damage. An investigation by the New Orleans Fire Department revealed that the fire originated in the area of the roof as a result of the on-going roofing work.
The fire that caused the damage was the subject of a suit Mirabeau filed against the Veninatas and several other parties not involved in this appeal. In its suit, Mirabeau alleged that the Veninatas were liable for damages resulting from Brothers' negligence in causing the fire. In a motion for summary judgment, the Veninatas asserted that they were not liable for an independent contractor's negligence. Mirabeau filed a cross-motion for summary judgment, asserting that an owner/lessor could not escape liability when an independent contractor was negligent in the performance of the owner/lessor's legal and contractual obligations. After oral argument on the motions, the trial court dismissed Mirabeau's claims against the Veninatas with prejudice by granting their motion for summary judgment and denying Mirabeau's cross-motion for summary *423 judgment. That trial court ruling is the subject of this appeal.

STANDARD OF REVIEW
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ. Proc. art. 966(A)(2).
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the initial burden of proof to show that no genuine issue of material fact exists. Id. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ. Proc. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. Id.

LIABILITY WAIVER IN LEASE
Mirabeau asserts that the district court committed error in granting the appellee's motion for summary judgment and alleges that the Veninatas are responsible for damages resulting from a fire that was caused by roofers who were hired by the Veninatas to fix a roof leak.
"Under Louisiana law, the owner/lessor is generally liable for the condition of the leased premises pursuant to La.C.C. Articles 2317, 2322 and 2695." Muse v. Katz, 93-1066 (La.App. 4 Cir. 2/11/94), 632 So.2d 846, 847. However, a lessor may shift responsibilities to a lessee, including liability for injury resulting from defects in the property, because contracting parties can waive warranties and obligations in the codal articles and statutes, so long as such waivers do not affect the rights of others and do not harm the public good. Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261, 1264 (La.1981). La. Rev.Stat. § 9:3221 provides: ". . . the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time" (Emphasis added). "Put most directly, the statute [La.Rev.Stat. § 9:3221] relieves the owner lessor of strict liability under La. Civ.Code arts. 2317, 2322 and 2695 so that the owner lessor is liable only for negligence." Chau v. Takee Outee of Bourbon, Inc., 97-1166, p. 5 (La.App. 4 Cir. 2/11/98), 707 So.2d 495, 498.
Mirabeau contends that the Veninatas, not the lessee, assumed responsibility under the lease to maintain the roof. To support this contention, Mirabeau states that the leased premises were accepted in their present condition "except for such repair and improvements . . . as may be needed to the roof or rendered necessary by fire or other casualty." The Veninatas maintain that a liability waiver in the lease relieve them of liability for the damages that Mirabeau is seeking. A liability *424 waiver clause as found in the lease states in relevant part:
"Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks to the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby."
Mirabeau contends that La.Rev.Stat. § 9:3221 is inapplicable to the present case because Mirabeau has not claimed its damages resulted from vices or defects of the leased property, but rather from the negligence of the roofers the Veninatas hired to fix the leaky roof. We find no merit in Mirabeau's argument. This liability waiver clause was evaluated in Ford v. Bienvenu, 00-2376, pp. 8-9 (La.App. 4 Cir. 8/29/01), 804 So.2d 64, 69-70, wherein this Court found that pursuant to La. Rev. Stat § 9:3221, the clause was valid. This Court also found that the waiver clause clearly and unambiguously transferred liability to plaintiff for the condition of the premises and that it further transferred liability to plaintiff for vices or defects in the leased property. Id. at p. 11, 804 So.2d 64, 71. Further, "the statute abrogates strict liability leaving the owner/lessor liable only for negligence." Ford, 00-2376, p. 2, 804 So.2d at 66 (citing Chau, 97-1166, p. 5, 707 So.2d at 498). The sole claim against the Veninatas was that they were liable for negligence, which is what the statute provides for. Given that, we find that the statute is applicable.
Even in the event that there is a lease provision in effect that exonerates a property owner from liability, the plaintiff-lessee is not necessarily barred from recovery. Muse, 632 So.2d at 848. The plaintiff can still recover by proving that damages were sustained because of a defect in the property; that the property owner knew or should have known of this defect; and that the owner failed to remedy the defect within a reasonable time. Id. (citing Robert v. Espinosa, 576 So.2d 555, 556 (La.App. 4th Cir.1991)).
In the case before us, we focus on the issue of whether there was a genuine issue of material fact as to whether the Veninatas knew of the defect in the premises and failed to remedy it within a reasonable time. The Veninatas have shown an absence of factual support for the element of the plaintiff's cause of action that the Veninatas "failed to remedy it within a reasonable time." The defect at issue here was a leaky roof. The record reflects that the Veninatas hired Brothers to fix the roof soon after receiving notice from Mirabeau. Although the roofers negligently set the building on fire and the fire was an ultimate consequence of the leaky roof, the Veninatas' evidence is sufficient to show that they did not fail to remedy the leaky roof within a reasonable time.
The burden of proof thus shifted to Mirabeau to show that a genuine issue of material fact remained concerning whether the Veninatas failed to remedy the defect (leaky roof) within a reasonable time. Mirabeau is not entitled to rest on the allegations of its petition to overcome the motion for summary judgment and has failed to establish that it can meet its burden of proof. Given that Mirabeau failed to carry its burden of proof, the district court correctly granted summary judgment in favor of the Veninatas. We, therefore, agree with the district court's conclusion that the Veninatas were entitled to summary judgment as a matter of law.

*425 LIABILITY OF A LANDLORD FOR THE NEGLIGENCE OF AN INDEPENDENT CONTRACTOR
Mirabeau asserts that there is a widely-recognized exception to the general rule that provides that a person charged with an absolute duty to another person in the contract cannot escape liability for the negligent performance of that duty. In support of this argument, Mirabeau cites Continental Ins. Co. v. I. Bahcall, Inc., 39 F.Supp. 315 (E.D.Wisc.1941). In Continental Ins. Co., a paper company hired Bahcall to dismantle and remove material from a closed paper mill. Id. at 318. The Eastern District of Wisconsin held that the original party to the personal services contract could not escape liability for a fire caused by the negligence of an independent contractor that the original party hired to perform the work. Id. However, as applied to the facts of the instant matter, this exception does not apply.
Under Louisiana law, the general rule is that a business owner is not liable for the negligence of an independent contractor hired by the owner to perform work. Clark v. Engelhardt, 9 La.App. 334, 335, 120 So. 498 (Orleans 1928). Under the doctrine of respondeat superior expressed in La. Civ.Code art. 2320, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Urbeso v. Bryan, 583 So.2d 114, 116 (La.App. 4 Cir. 1991). Under this doctrine, a master or employer is liable for the tortious conduct of a servant or employee which is within the scope of authority or employment, but a principal is not liable for the physical torts of a non-servant agent. Anderson v. New Orleans Public Service Inc., 583 So.2d 829 (La.1991); Rowell v. Carter Mobile Homes, Inc., 500 So.2d 748, 751 (La. 1987).
Liability for the negligent and tortious acts of another does not flow simply because of a principal-agent or principal-mandatary relationship. Rowell, 500 So.2d at 751. Rather, when the relationship of the parties includes the principal's right to control physical details of the actor as to the manner of his performance, which is characteristic of the relation of master and servant, only then does the person in whose service the act is done become subject to liability for the physical tortious conduct of the actor. Id.; Daniels v. Dauphine, 557 So.2d 1062, 1065 (La.App. 2 Cir.1990).
The same basic rule applies to independent contractors generally. Daniels, 557 So.2d at 1065. A principal is not liable for the offenses committed by an independent contractor while performing its contractual duties, however, there are two exceptions to the general rule of nonliability: (1) an owner may not avoid liability for inherently or intrinsically dangerous work by an independent contractor; (2) an owner may be liable for exercising control over the contractor's methods of operation or giving express or implied authorization to an unsafe practice. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 28 (La.App. 4 Cir.1990).
The Oak Park Shopping Center's roof leaked, and the Veninatas hired Brothers to fix it. This particular contract for roof repair was not inherently or intrinsically dangerous. The record does not reflect that the Veninatas retained the right to control the work of Brothers. Given the attendant facts and circumstances, Brothers was an independent contractor. Further, the parties agree that the fire was caused by the negligence of Brothers. Due to Brothers' status as an independent contractor, the Veninatas are not liable for the negligence of Brothers.

*426 DECREE
For the aforementioned reasons, we find that the Veninatas are not liable to Mirabeau for damages arising from Brothers' negligence. There were no genuine issues of material fact and the district court properly granted the Veninatas' motion for summary judgment. We affirm the ruling of the trial court.
AFFIRMED.