**REGINALD GREEN, ET AL.**      \*     **NO. 2022-C-0413**

**VERSUS**     \*

    **COURT OF APPEAL**

**FRANKLIN ELIEZER**     \*
**GARCIA-VICTOR, ET AL.**     **FOURTH CIRCUIT**

    \*

    **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-00905, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins)

MADRO BANDARIES
MADRO BANDARIES, PLC
POST OFFICE BOX 56458
2nd Second Street
New Orleans, LA 70156
-AND-
IRAJ. MIDDLEBERG
 YVETTE D'AUNOY
 MARIANNE GARVEY
 MIDDLEBERG RIDDLE GROUP
909 Poydras Street, Suite 1400
New Orleans. LA 70112

       COUNSEL FOR ATTORNEYS FOR PLAINTIFFS/RESPONDENTS

JAMES M. GARNER
DEBRA J. FISCHMAN
MELISSA R. HARRIS
SHER GARNER CAHILL RICHTER
KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112

       COUNSEL FOR DEFENDANTS/APPLICANTS, UBER
TECHNOLOGIES, INC., AND RASIER, LLC

             **WRIT GRANTED; RELIEF DENIED**
                **SEPTEMBER 7, 2022**

The Relators, Uber Technologies, Inc., and Rasier, LLC., seek review of the May 16, 2022 ruling of the district court, denying their peremptory exceptions of no cause of action on the general tort claim, breach of duty of good faith and fair dealing claim and vicarious liability claim of the Respondents, plaintiffs Reginald Green, et al. Pursuant to our *de novo* review, we find that the district court district court did not err in denying the exception of no cause of action as to the Respondents' vicarious liability claim. Therefore, under *Waiters v. deVille*, 19-1048, (La. App. 4 Cir. 4/22/20), 299 So. 3d 728, we deny the relief sought by the Relators.

## FACTS AND PROCEDURAL HISTORY

In 2016, the Respondents, who are taxi cab drivers in New Orleans, filed suit against individual Uber drivers, alleging that said drivers violated the Louisiana Unfair Trade Practices Act ("LUTPA") because they were transporting passengers for hire or fee without having a "class D" chauffer's driver's license. The Respondents later filed a Fourth Supplemental and Restated Petition in 2021,

1

adding the Relators as defendants.[1]  The Respondents raised the following allegations against the Relators in their petition:

1. the Relators committed LUTPA violations by conspiring with the other defendants and the City of New Orleans to implement a method or plan to compete unfairly by violating the city ordinances;

2. the Relators committed general tort violations;

3. the Relators breached the duty of good faith and fair dealing; and,

4. the Relators are solidarily liable with the other defendants as conspirators, or in the alternative, vicariously liable "as agents or mandates of one another," or in the alternative, "as general partners in a partnership," or in the alternative, as employers of the individual drivers.

The Relators filed peremptory and dilatory exceptions asserting: the petition should be dismissed entirely for the failure to request service within ninety days of filing; the LUTPA claims against the Relators were perempted; and an exception of no cause of action on the LUTPA, conspiracy, general tort, and breach of good faith and fair dealing claims.[2]

Following oral argument, the court issued a written judgment on May 16, 2022, granting in part and denying in part the Relators' exceptions. The district court granted the Relators' exception of peremption regarding the LUTPA claim, as well as the exception of no cause of action on the conspiracy claim.[3]  However,

---

[1] "Defendants" as used in the remainder of this opinion shall refer to the Uber drivers only, and excludes inclusion of the Relators.

[2] The Relators also asserted dilatory exceptions of improper cumulation of actions, and vagueness, ambiguity, and nonconformity, which were denied. Those rulings are not at issue in the instant writ application.

[3] In the Respondents' opposition to the Relators exceptions filed in the district court, they admitted that they had not alleged a separate, stand-alone claim of conspiracy, but had instead

3

the court denied the: exception of insufficient service of process; exception of no cause of action regarding the Relators' vicarious liability for the acts of the Defendants; the exception of no cause of action on the general tort claim, and the exception of no cause of action for breaching the duty of good faith and fair dealing. Lastly, the district court found that the exception of no cause of action on the LUTPA claim was moot as to the Relators because it was perempted.

After filing their Notice of Intent, the Relators timely filed the instant writ application. The Relators, as noted above, seek review of the district court's denial of their exceptions of no cause of action regarding the Respondents' vicarious liability claim, general tort claim, and breach of duty of good faith and fair dealing claim

**STANDARD OF REVIEW**

This Court has explained that "[a]n exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading.'" *Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-0654, pp. 4-5 (La. App. 4 Cir. 12/17/21), 335 So. 3d 349, 353 (quoting *Green v. Garcia-Victor*, 17-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 [citations omitted]). Moreover, courts can only review the petition, amendments to the petition and any documents attached thereto in deciding an exception of no cause of action. *Green*, 17-0695, p. 5, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825. "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the

---

alleged a conspiracy merely to establish solidary liability for the LUTPA violation between the Relators and the other defendants under La. Civ. Code art. 2324.

4

petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id*. However, "any doubt must be resolved in the plaintiffs' favor." *Id.*

Appellate courts review rulings on exceptions of no cause of action using the *de novo* standard of review because exceptions of no cause of action present legal questions. *Henderson*, 21-0654, p. 5, 335 So. 3d at 353 (citing *Tickle v. Ballay*, 18-0408, p. 4 (La. App. 4 Cir. 11/14/18), 259 So.3d 435, 438).

## VICARIOUS LIABIILITY

As stated above, the Respondents raised a vicarious liability claim, which they pled in the alternative to their LUTPA claims. The record reflects that the Respondents admitted in their second and third supplemental and restated petitions and at the hearing on the exceptions at issue that the Defendants were independent contractors, but they further alleged that the Relators exercised control over the Defendants' methods of operation.

Under Louisiana law, a principal is not liable for the offenses committed by an independent contractor while performing contractual duties. *Allstate Ins. Co. v. Veninata*, 06-1641, pp. 6-7 (La. App. 4 Cir. 11/7/07), 971 So.2d 420, 425. However, two exceptions exist to this rule: (1) an owner may not avoid liability for inherently or intrinsically dangerous work by an independent contractor; (2) an owner may be liable for exercising control over the contractor's methods of operation or giving express or implied authorization to an unsafe practice. *Id.* (citing *Davenport v. Amax Nickel, Inc.,* 569 So.2d 23, 28 (La. App. 4 Cir.1990)). Considering that the second exception may be applicable in this matter, pursuant to

5

our *de novo* review, we find that the district court did not err in denying the Relators' exception of no cause of action as to the vicarious liability claim.

Furthermore, we note that the matter *sub judice* involves exceptions of no cause of action addressing the Respondents' various claims. Recently, this Court explained that an exception of no cause of action should be denied *in toto* where multiple claims are raised arising out of a singular set of operative facts and the petition is determined to have raised at least one valid cause of action:

> Although the Louisiana Legislature, by enacting La. C.C.P. art. 1915, authorized a trial court to sustain an exception as to one or more but less than all of the claims, demands, issues, or theories against a party, "the Louisiana Supreme Court has found that such a partial judgment is improper when the adjudicated claim forms the basis for several other theories of recovery against the same defendants." *Robert v. Robert Mgmt. Co., LLC*, 13-1043 (La. App. 4 Cir. 12/19/13) (unpub.), 2013 WL 8151042, (citing *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La. 1993)).16 Thus, "[when] a plaintiff's theories of recovery arise out of the operative facts of the same transaction or occurrence and the petition states a cause of action as to any demand or theory of recovery, an exception of no cause of action should be overruled." *Simmons v. Templeton*, 99-1978, p. 5 (La. App. 4 Cir. 4/12/00), 762 So.2d 63, 66.

*Waiters v. deVille*, 19-1048, pp. 10-11 (La. App. 4 Cir. 4/22/20), 299 So. 3d 728, 736–37.

Considering the applicable jurisprudence and the facts presented, we find that the Respondents' claims of vicarious liability, general tort and breach of duty of good faith and fair dealing "arise out of the operative facts of the same transaction or occurrence." We further find that the petition states a cause of action as to the Respondents' vicarious liability claim. Having found that a viable

cause of action exists under *Waiters*, we pretermit discussion of the merits of the remaining two exceptions.

## DECREE

In light of the foregoing, we deny the relief sought by the Relators.

**WRIT GRANTED; RELIEF DENIED**